THE STATE OF OHIO, APPELLEE, *v.* WILSON, APPELLANT.

220

(No. 81-CA-23—Decided July 14, 1982.)

*Mr. James A. Kiger,* prosecuting attorney, and *Mr. John H. Roszmann,* for appellee.

*Mr. John C. Bryan* and *Mr. James L. Butler,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Fayette County.

The appellant herein, Earnest Wilson, was arrested and confined on a charge of rape on December 27, 1980. On January 2, 1981, the appellant consented to prosecution by information, having waived a preliminary hearing and grand jury indictment. On June 12, 1981, pursuant to plea bargaining, the appellant entered a plea of no contest to a reduced charge of sexual battery. Said plea was accepted by the trial court and the appellant was duly sentenced. He has since timely appealed.

The appellant sets forth but one assignment of error which is as follows:

"The Trial Court committed prejudicial error to the Defendant-Appellant in that the Court overruled the Defendant's motion for an order of discharge in accordance with Ohio Revised Code § 2945.73 in that the Defendant was not brought to trial within the time required by Ohio Revised Code § 2945.71 and § 2945.72."

In lieu of a transcript of proceedings, the parties hereto have provided us with an agreed statement of facts in accordance with App. R. 9(D). That agreed statement of facts reveals the following pertinent information.

The appellant was arrested and placed in confinement on December 27, 1980. On January 14, 1981, he entered pleas of not guilty and not guilty by reason of insanity. Also on that date, an evaluation of the appellant's mental condition was ordered by the trial court pursuant to R.C. 2945.371. On January 29, 1981, the appellant was examined by a psychiatrist at the Southwest Forensic Center in Columbus. On February 4, 1981, a report from the forensic center which found that the appellant was competent to stand trial was filed with the trial court. However, the trial court failed to conduct a hearing on the issue of the appellant's competency to stand trial within the ten-day period subsequent to the filing of that report as mandated by R.C. 2945.37(A).

On February 25, 1981, the appellant filed a motion requesting that an independent expert evaluation of his mental condition at the time of the offense be conducted as provided in R.C. 2945.39(A) and 2945.371(C). Although there is a letter dated February 26, 1981 from the trial judge to the appellant's counsel which makes it clear that the motion was denied, there is no entry in the record which states that the motion was denied. However, on March 16, 1981, the trial court reconsidered the appellant's motion of February 25, 1981, and granted the same; and it was ordered that the independent mental evaluation be made by Dr. Glenn Weaver of Cincinnati.

On April 3, 1981, Dr. Weaver issued his report which also found that the appellant was competent to stand trial. A copy of this report was received by counsel for the appellant on April 6, 1981. Counsel immediately informed the prosecuting attorney of the results in Dr. Weaver's report and made a copy of the report available to the prosecution. However, Dr. Weaver did not file a copy of his report with the trial court (as he was not instructed to do so by the court or counsel for either party), nor did the appellant file a copy of the report with the court.

On May 15, 1981, the appellant filed a motion for discharge for delay in trial. May 15th was the one hundred fortieth day of continuous confinement in lieu of bail for the appellant. On June 5, 1981, the appellant's motion was overruled; and one week later the appellant entered his no contest plea.

R.C. 2945.72(B) provides that the time within which an accused must be brought to trial may be tolled during the time when "* * * his mental competence to stand trial is being determined * * *." As noted, the record indicates that the appellant was incarcerated on December 27, 1980. On January 14, 1981, an evaluation of the appellant's mental condition was ordered by the trial court pursuant to R.C. 2945.371. Thus, the ninety-day period in which the appellant was to be brought to trial ran for eighteen days and was again tolled starting on January 14th.

On February 4, 1981, the report of the forensic center was filed with the court. R.C. 2945.37(A) requires that a hearing be held within ten days after the filing of that report. No such hearing was had in the case *sub judice*. Therefore, the appellant contends that by February 14th the ninety-day period was no longer being tolled and that the count was to begin once again on that date. We agree. For us to hold otherwise would allow the trial court to delay bringing an accused to trial within the requisite ninety-day period by simply refusing to hold a statutorily mandated hearing.

On February 25, 1981, the appellant then requested that an additional evaluation of his mental condition be conducted pursuant to R.C. 2945.39(A) and 2945.371(E). The trial court, after having sent a letter to the appellant which in effect denied the motions, by entry dated March 16, 1981, granted the appellant's motion. The issue raised by this set of facts is whether the ninety-day period should be tolled from February 25th (the date the motion was made) or March 16th (the date the motion was granted). We think it axiomatic that the ninety-day period should be tolled from the date the motion was granted. If we were to hold otherwise, the ninety-day period could again be tolled for an indefinite period by a trial court which may intentionally refuse to act on the motion.

Therefore, by counting the days from February 14th until March 16th, another thirty days had run for a total of forty-eight days from the time that the appellant was arrested.

The next issue that we must resolve is the number of days during which the ninety-day period is tolled as a result of the order of the trial court on March 16, 1981. Although the results of the second mental examination were made known to appellant's counsel April 6, 1981, the trial court failed to request a copy. Thus, although appellant's counsel supplied the prosecutor with a copy of that report, the trial judge was not aware of the results of the examination.

In an entry dated June 5, 1981, the trial court overruled the appellant's motion for a dismissal of the charges against him by concluding that since the trial court had not been informed of the results of the most recent examination, the ninety-day period could be tolled indefinitely. We do not agree.

The second examination of the appellant was authorized under the authority of R.C. 2945.371. Therefore, the pro-

cedure to be employed concerning the filing of that report is governed by that statute. R.C. 2945.371(D) requires that the examiner file his written report with the trial court within thirty days after entry of the order requiring an examination. Such a report, as noted, was not filed with the trial court even though it was provided to the appellant and, in turn, to the prosecution.

The issue then becomes at what point do we again commence counting the days in order to satisfy the requirements for a speedy trial? Should it be April 3rd (the date the psychiatrist mailed his report to the appellant's counsel); April 6th (the date the appellant's counsel received the report); April 15th (the date by when the report should have been filed with the court according to R.C. 2945.371[D]); or when the report is received by the trial court?

After much deliberation, we are of the opinion that the tolling of the ninety-day period should have ended on April 15th, which is the date that the psychiatrist's report was due to be filed with the court. After all, the report was ordered by the trial court, regardless of who requested the report. Therefore, since the trial court ordered the report, it is the duty of the trial judge and the party who requested the report to see that it is filed within the time prescribed by statute. If the report is not filed within that time period, then it is the duty of the trial court, either upon its own motion or upon the motion of a party, to order the filing of the report. To allow the trial court and the parties to ignore the failure to file such a report would be unfair to the accused as this could result in the tolling of the statute indefinitely.

Therefore, the ninety-day period began to run again from April 15, 1981, until May 15, 1981, which is the date that the appellant filed his motion for discharge upon the basis that he was denied a speedy trial. At this point in time, seventy-eight of the ninety days had elapsed.

R.C. 2945.72 sets forth the basis for extension of the time for bringing an accused to trial. R.C. 2945.72(E) provides that the time may be extended by "[a]ny period of delay necessitated by reason of a plea in bar or abatement, *motion,* proceeding, or action made or instituted by the accused." (Emphasis added.) The appellant's motion for discharge was overruled by the trial court on June 5, 1981. This was three weeks to the day after the motion was made.

The next issue to consider is whether the appellant's filing of this motion was cause for once again tolling the ninety-day count. We find that it was. Obviously, the trial court needed time to respond to the appellant's own motion. Therefore, the ninety-day count should be tolled while the court considers the motion. R.C. 2945.72(E); *State* v. *Walker* (1974), 42 Ohio App. 2d 41 [71 O.O.2d 238].

We then must consider whether it was reasonable for the trial court to take twenty-one days to respond to the appellant's motion when seventy-eight of the ninety days had already expired. The Ohio Supreme Court has ruled that "practices which undercut the implementation of the 'speedy trial' provisions within R.C. 2945.71 and 2945.73 must not be employed to extend the requisite time periods." *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104, 106 [73 O.O.2d 357]. Therefore, this is an issue which we must at least consider.

Having found no cases which provide us with any guidelines as to the reasonableness of the time utilized by the trial court to respond to such a motion, we find this to be a "judgment call" on our part. With this in mind, after taking into consideration the day to day demands upon the trial judges and after taking into consideration the fact that the schedule of a trial judge is to a great extent set well in advance of any given date, we find that the twenty-one day time period was reasonable. Thus, the ninety-day period was tolled until June 5, 1981, at which

time the trial court ruled on the motion. A week later, the appellant entered a plea of no contest to a reduced charge, the lesser included offense of sexual battery as described in R.C. 2907.03. As a result, we find that the appellant was convicted within ninety days from the time of his arrest.

Therefore, the appellant's assignment of error is overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.