THE STATE OF OHIO, APPELLEE, *v.* BOWMAN, APPELLANT.

(No. CA87-03-029—Decided November 9, 1987.)

*George E. Pattison,* prosecuting attorney, and *Lawrence R. Fisse,* for appellee.

*Michael A. Kennedy,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Clermont County.

Defendant-appellant, Brandon Bowman, appeals from his conviction on three counts of gross sexual imposition in violation of R.C. 2907.05(A)(3). He raises the following as assignments of error:

First Assignment of Error:

"The trial court erred to the prejudice of the Defendant-Appellant by overruling his motion for dismissal/discharge for failure to bring the defendant to trial within the time limits set out by R.C. 2945.71."

Second Assignment of Error:

"The trial court erred to the prejudice of the Defendant-Appellant by excluding all evidence of prior sexual abuse of the prosecuting witness and prior sexual acts of the prosecuting witness."

Regarding the first assignment of error, the speedy trial statute in Ohio provides that any person against whom a felony charge is pending must be brought to trial within two hundred seventy days after his or her arrest. R.C. 2945.71(C)(2). Under R.C. 2945.73(B), the consequence of failing to bring an accused to trial within the statutory time period is that the accused shall be discharged.

The accused establishes a *prima facie* case for discharge upon showing that two hundred seventy days have elapsed. *State* v. *Geraldo* (1983), 13 Ohio App. 3d 27, 13 OBR 29, 468 N.E. 2d 328, paragraph one of the syllabus. The state then bears the burden of demonstrating that any of the subsections of R.C. 2945.72 tolled or extended the time limit for bringing the accused to trial. The extensions of time under R.C. 2945.72, however, are to be strictly construed against the state. *State* v. *Singer* (1977), 50 Ohio St. 2d 103, 109, 4 O.O. 3d 237, 240, 362 N.E. 2d 1216, 1220.

In the case *sub judice,* appellant was arrested on April 23, 1985. His trial, however, in which appellant was convicted of three counts of gross sexual imposition and acquitted of one count of rape, did not take place until January 28, 1987. During this time period, six hundred forty-five days elapsed before the commencement of appellant's trial. Therefore, to avoid a discharge of appellant's conviction, the state must show that the time period was extended so that some of the two hundred seventy days remained at the time of appellant's trial.

On April 23, 1985, appellant was arrested pursuant to an indictment charging him with one count of rape in violation of R.C. 2907.02 and three counts of gross sexual imposition in violation of R.C. 2907.05(A)(3). On May 20, 1985, appellant filed a motion to conduct a psychiatric examination pursuant to R.C. 2945.39 and 2945.371 in order to determine his mental condition at the time of the commission of the alleged offense and to determine his competency to stand trial. On this date, appellant also entered pleas of not guilty and not guilty by reason of insanity.

The trial court, on May 24, 1985, granted appellant's motion for a psychiatric evaluation and ordered a written report of the evaluation to be filed within thirty days as provided by statute. Pursuant to *State* v. *Wilson* (1982), 7 Ohio App. 3d 219, 7 OBR 281, 454 N.E. 2d 1348, paragraph two of the syllabus, the time was tolled from the date the motion was granted, not from the date the motion was requested. Thus, from April 23 to May 24, 1985, thirty-one days are charged against the state.[1]

The psychiatric evaluation was due to be filed with the court on June 23,

---

[1] Computation of days pursuant to the speedy trial statute excludes the first day and includes the last day as provided by R.C. 1.14 and Crim. R. 45(A).

1985. The record, however, does not indicate the report was ever filed. Therefore, under *State* v. *Wilson, supra,* the time period began to run again after June 23, 1985 when the date for the filing of the report had passed.

The time period was tolled on June 25, 1985 when appellant filed a motion to suppress evidence. Accordingly, two days are charged against the state. The motion was heard on July 8, 1985 at which time counsel for appellant indicated the motion would be withdrawn. By a judgment entry filed July 15, 1985, the trial court accordingly denied appellant's motion to suppress. Because appellant actually withdrew his motion on July 8, any time after that date could not be attributed to delay caused by appellant's motion. For this reason, the time chargeable to the state began to run on July 8, 1985 and was not tolled until September 24, 1985 when a competency hearing was scheduled to be heard. The hearing, however, was reset due to the absence from the hearing of counsel for appellant. The state, however, argues that counsel for appellant stipulated that time was tolled on September 18 instead of September 24, 1985. There is nothing in the record to indicate appellant or his counsel waived this period of time. Because any extensions of time must be strictly construed against the state and there is no record of any stipulation to the contrary, we find time was tolled on September 24, 1985. Accordingly, during this period from July 8 through September 24, seventy-eight days elapsed that were chargeable against the state.

Appellant's competency hearing was rescheduled from September 24 until November 1, 1985 due to appellant's request. Thus, the time was tolled from September 24 to the November 1 date. At the competency hearing the trial court found that, based upon the psychiatric report which was provided to counsel but never filed with the court, appellant was competent to stand trial. After this hearing, the time period began to run until November 29, 1985, at which time a plea hearing was scheduled. Appellant, however, requested a continuance of the plea hearing thereby tolling the time period. Twenty-eight days elapsed from November 1 through November 29 which were chargeable against the state.

January 30, 1986 is the next date that anyone acting on behalf of appellant appeared in court. On that date, the trial court ordered a second psychiatric evaluation of appellant pursuant to R.C. 2945.371. The report was to be filed within thirty days. Again, no report was ever filed and so, as stated in *State* v. *Wilson, supra,* the period was no longer tolled after the thirty days had expired. Thus, after March 1, 1986, time began to run and was not tolled until June 4, 1986 when the trial court ordered a third psychiatric evaluation. Thus a total of ninety-five days elapsed between March 1 and June 4, 1986, and are chargeable against the state.

The time count was tolled for thirty days from the June 4 order, and commenced again on July 5, 1986. Appellant then filed a motion to dismiss on August 4, 1986, resulting in thirty-one days being charged against the state from July 5 through August 4. Again, the state contends appellant stipulated time should be tolled on July 28 instead of August 4, 1986. Having found nothing in the record to affirmatively show appellant waived this period of time, however, we find that the time period was not tolled until August 4, 1986.

The trial court filed its decision denying appellant's motion to dismiss on October 9, 1986. On this same day, appellant requested a rehearing on the

motion to dismiss. The rehearing was held October 20, 1986 and the trial court filed its decision denying the motion to dismiss on December 8, 1986. The entry on the motion to dismiss, however, was not filed until December 22, 1986. Since this time delay in filing the entry is not attributable to appellant, time once again commences for speedy trial purposes on December 8, 1986. Thereafter, time was not tolled until January 15, 1987 when appellant filed a motion to suppress. As a result, thirty-eight days are counted against the state during this period from December 8, 1986 through January 15, 1987. As there is no indication from the record that this motion was ever ruled upon before the start of appellant's trial on January 28, 1987, none of this time counts against the state for speedy trial purposes.

In computing the foregoing time periods, we arrive at a total of three hundred days chargeable to the state under the speedy trial statute. Although the statutory time period has been exceeded by counting the time period using single days, we are compelled to address whether the triple-count provision of R.C. 2945.71(E) should have been applied.

R.C. 2945.71(E) states that, for purposes of computing time under the speedy trial statute, "* * * each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *" In the case *sub judice,* appellant was continuously held in jail from the time of his arrest until his trial. Both the state and counsel for appellant, however, apparently determined the triple-count provision was inapplicable relying on this court's previous decisions in *State* v. *Cassidy* (Dec. 2, 1985), Clermont App. No. CA85-05-036, unreported, and *State* v. *McCarty* (Oct. 21, 1985), Clermont App. No. CA84-12-090, unreported. See, also, *State* v.

*Rudd* (Mar. 2, 1987), Clermont App. No. CA86-05-036, unreported. In these cases, we held the triple-count provision of R.C. 2945.71(E) does not apply to a criminal defendant held in jail in lieu of bail on two charges even though the charges are contained in one indictment and are to be tried at the same time. Upon further reflection and deliberation, we find it necessary to reverse our previous holding for the following reasons.

In 1974, the present speedy trial statute, which includes the triple-count provision, was enacted. Prior to that time, the statute in effect stated that when an accused was detained in jail, his trial was to commence within two terms after the term in which his indictment was presented. When an accused was released on bail, however, the person had to be brought to trial within three terms. Therefore, while the former statute did not contain a triple-count provision, an accused held in jail pending trial did receive an accelerated trial date. Cases construing the former speedy trial statute have held that the accelerated time provision applied only where the accused was detained in jail under the indictment from which he sought a discharge. As stated by the Supreme Court in *State* v. *Fairbanks* (1972), 32 Ohio St. 2d 34, 39, 61 O.O. 2d 241, 244-245, 289 N.E. 2d 352, 356:

"* * * R.C. 2945.71 applies where an accused was in jail at the time an indictment was returned against him and was thereafter detained in jail *solely* because of that indictment. If the accused is detained as a result of prior convictions or indictments other than those from which he seeks a discharge, R.C. 2945.71. is inapplicable." (Emphasis *sic.*)

See, also, *State, ex rel. Hodges,* v. *Coller* (1969), 19 Ohio St. 2d 164, 48 O.O. 2d 198, 249 N.E. 2d 885; *State* v.

*Gray* (1964), 1 Ohio St. 2d 21, 30 O.O. 2d 12, 203 N.E. 2d 319.

In *State* v. *MacDonald* (1976), 48 Ohio St. 2d 66, 2 O.O. 3d 219, 357 N.E. 2d 40, the Supreme Court for the first time addressed the applicability of the triple-count provision under the new statute when multiple charges were pending against a defendant. In *MacDonald,* the defendant was being held on both state and federal charges. In interpreting the new statute, the court, at 70, 2 O.O. 3d at 221, 357 N.E. 2d at 43, cited the above cases for the proposition that, in order for the accelerated time period to apply, "* * * settled Ohio case law has required the defendant's detention in jail to be *solely* because of the pending charge." (Emphasis *sic.*) The court then stated:

"The objective of former R.C. 2945.71 is substantially the same as that of present R.C. 2945.71(D) [now (E), the triple-count provision]. Both seek to insure that defendants are not held in jail for undue periods of time while awaiting trial. We see no justification for altering prior case law since the basic objective of the former statute has been preserved." *Id.*

Based upon this reasoning, the court found the defendant was not entitled to the triple-count provision because:

"* * * he was not being held *solely* on the pending *charges.* He was being held jointly on federal and state charges. Had the Cuyahoga County prosecutor decided to drop his *charges,* appellee would not have been released because he was then serving a two-year federal prison sentence. Further, no bail on the state charges could have been offered appellee because of the federal sentence. Appellee therefore was not being held in lieu of bail solely on the pending charge, and consequently the triple-count provision does not apply." (Emphasis supplied in part.) *Id.* at 71, 2 O.O. 3d at 221-222, 357 N.E. 2d at 43.

In *State* v. *Ladd* (1978), 56 Ohio St. 2d 197, 10 O.O. 3d 363, 383 N.E. 2d 579, the Supreme Court applied the *MacDonald* case to determine if the triple-count provision applied when a defendant was held in jail on multiple state charges. In *Ladd,* the defendant was indicted for the unauthorized use of a motor vehicle on June 16, 1976 and was indicted for rape on July 7, 1976. His trial on the latter charge was on September 8, 1976 and his trial on the former charge was set for November 5, 1976. The court determined the triple-count provision was inapplicable to the time period when the defendant was held on both the pending rape charge and the unauthorized use charge. Adopting the analysis of *MacDonald,* the *Ladd* court stated at 203, 10 O.O. 3d at 366, 383 N.E. 2d at 583: "Surely a defendant held on several charges within the same jurisdiction for activities constituting a personal crime wave cannot be allowed to put the state into a position of having to try him on each count within 90 days." Therefore, the syllabus of the court stated the triple-count provision "* * * is applicable only to those defendants held in jail in lieu of bail solely on the pending charge."

*State* v. *Martin* (1978), 56 Ohio St. 2d 207, 10 O.O. 3d 369, 383 N.E. 2d 585, a companion case to *State* v. *Ladd,* also addressed the application of the triple-count provision when multiple charges were involved. In *Martin,* the defendant was indicted on two charges of breaking and entering and grand theft. At the time of his arrest and detention on both of these charges, the defendant was on probation resulting from a prior conviction. Bail was posted for the defendant but was ineffective to release him because of a probation holder placed on him. The defendant, therefore, was held in jail pending trial on both the state charges contained in one indictment and the probation holder. In finding that the

triple-count provision did not apply, the court stated at 211, 10 O.O. 3d at 371, 383 N.E. 2d at 587:

"In *State* v. *MacDonald, supra,* this court held that * * * [R.C. 2945.71(E)], the triple-count provision, was not applicable where the defendant had not been held *solely* on the pending *charges* and had not been held in lieu of bail solely on the pending *charges.* In the instant cause, appellee was not held solely on the pending criminal *charges.* He was also being held on the probation violation. Further, appellee was not held in lieu of bail on the pending criminal *charges.* Appellee did post bail on the criminal *charges.* This bail was, however, ineffectual because of the probation violation holder. Accordingly, we find that appellee was not entitled to the triple-count provision." (Emphasis supplied in part.)

In determining whether the triple-count provision is applicable to a particular defendant, this court has previously applied the literal language of the *MacDonald* and *Ladd* syllabi to hold that R.C. 2945.71(E) applies only when a defendant is held in jail in lieu of bail on a single pending charge. After further reviewing case law both prior and subsequent to the enactment of the current speedy trial statute of 1974, we are convinced our previous position was too narrow an interpretation of the triple-count provision and subverted one of the purposes behind the speedy trial statute, which is to avoid undue pretrial detention.

In the case *sub judice,* appellant was charged with multiple counts under a single indictment and all counts were tried in a single trial. Therefore, because appellant was held in jail in lieu of bail on these pending charges, he was entitled to the triple-count provision of R.C. 2945.71(E).

Although this holding is a departure from previous case law decided by this court, it is consistent with case law from the Supreme Court and other appellate districts which have applied the triple-count provision to multiple charges arising under one indictment. See, *e.g., State* v. *Bickerstaff* (1984), 10 Ohio St. 3d 62, 10 OBR 352, 461 N.E. 2d 892 (indicted on three counts of aggravated robbery and three counts of aggravated murder); *State* v. *Singer* (1977), 50 Ohio St. 2d 103, 4 O.O. 3d 237, 362 N.E. 2d 1216 (opinion does not state specific charges but states only that the defendant was indicted for "several felony charges"); *State* v. *Smith* (1981), 3 Ohio App. 3d 115, 3 OBR 130, 444 N.E. 2d 85 (indicted on three counts of gross sexual imposition); *State* v. *Broerman* (Feb. 18, 1983), Lucas App. No. L-82-284, unreported (indicted on two counts of felonious assault and two counts of vandalism); *State* v. *Baldino* (Dec. 14, 1983), Summit App. No. 11230, unreported (indicted on two counts of trafficking in drugs and one count of trafficking in marijuana); *State* v. *Hill* (July 21, 1982), Defiance App. No. 4-81-20, unreported (indicted on one count of aggravated trafficking in drugs and one count of aggravated trafficking in marijuana).

Accordingly, whether the days are counted singularly or under the triple-count provision, the state has exceeded the time period for bringing appellant to trial under R.C. 2945.71(C)(2). Therefore, we sustain appellant's first assignment of error and order appellant discharged pursuant to R.C. 2945.73(B).

Based upon our conclusion reached in the first assignment of error, we find it is not necessary to address the second assignment of error as raised by appellant and we overrule the same as being moot.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be,

and the same hereby is, reversed and appellant is discharged.

*Judgment reversed.*

JONES, P.J., KOEHLER and YOUNG, JJ., concur.