### State v. Fetzer
*[Cite as 5 AOA 319]*

Case No. 89-P-2085
Portage County, (11th)
Decided July 20, 1990

*David W. Norris, Prosecuting Attorney, Robert Durst, Assistant Prosecutor, 466 South Chestnut Street, Ravenna, Ohio 44266, for Plaintiff-Appellee.*

*Kevin T. Poland, 250 South Chestnut Street, Ravenna, Ohio 44266, for Defendant-Appellant.*

FORD, J.

In October 1988, the Portage County Grand Jury returned a four-count indictment against appellant, Scott Fetzer. Approximately one month later, on November 26, appellant was arrested on the indictment and placed in the county jail. He was then arraigned before the Portage County Court of Common Pleas on November 28. At that time, the pretrial conference was set for January 9 of the following year, and the trial was set for January 24.

On the date of the pretrial conference, appellant moved the trial court for an evaluation of his competency to stand trial, pursuant to R.C. 2945.37. On the following date, January 10, appellant entered a plea of not guilty by reason of insanity.

The trial court, by separate entry, appointed the Summit County Diagnostic Center, on February 8, as the agency to examine and evaluate appellant. The court also ordered that the examiner was to provide a written report on the matter within thirty days of that journal entry. However, the warrant to convey appellant to the psychiatric clinic was not issued until March 1, and this warrant was not executed until March 14.

A hearing was held on April 27 on the competency issue. Based upon the examiner's report, the trial court found that appellant was competent to stand trial. The trial was then rescheduled for May 16.

Subsequently, on May 8, appellant moved the trial court to dismiss the indictment, arguing that the state had failed to bring him to trial within the time limits of the speedy trial statute. Appellant maintained that the running of the

time limit had not been tolled during a substantial portion of the period in which his competency motion was pending. After a hearing on May 15, the trial court denied the motion.

On the same day of the foregoing motion hearing, appellant waived his right to a jury trial. A one-day bench trial was then held on May 16. Based upon the evidence presented, the trial court found appellant guilty of three counts of the indictment. The fourth charge, aggravated menacing, was merged with the other charges.

Appellant was then sentenced to the following indeterminate sentences: five to twenty-five years for aggravated burglary; three to fifteen years for attempted rape; and a term of six months for assault. The trial court also fined appellant $5,000 under the first count.

On appeal to this court, appellant has presented one assignment of error:

"The trial court erred as to a matter of law and to the prejudice of appellant in overruling appellant's motion to dismiss for violating Ohio Revised Code Section 2945. 71 in failing to grant appellant a speedy trial."

Appellant 's sole assignment advances the same argument as was presented in his motion to dismiss. In arguing that the time for bringing him to trial was not tolled for the entire period in which his competency motion was pending, appellant emphasizes two points. First, appellant submits that subsequent to the date he filed his motion for an evaluation of his competency to stand trial, the time was not tolled until the trial court ordered the examination. Second, appellant contends that the time for trial could only be tolled for a maximum of thirty days following the court's order directing the examination.

Ohio's speedy trial statutes prescribe specific time limits for bringing a criminal defendant to trial. These time limits vary according to the nature of the crime with which the defendant has been charged. In this case, appellant was indicted on two felonies and two misdemeanors of the first degree. When the pending charges include crimes of varying degrees, the longest of the applicable time limits apply to all of the charges. See, *State v. Downey* (Feb. 9, 1983), Summit App. No. 10889, unreported.

As to pending felony charges, R.C. 2945.71(C)(2) provides that the defendant must be brought to trial within 270 days of his arrest. Section (E) of the statute then states that each day the defendant is held in jail in lieu of bail counts as three days for computation of speedy trial calculations. Here, appellant remained in jail throughout the period from his arrest on the indictment to the day of his trial. Thus, the state was required to try appellant within ninety days of his arrest.

A total of 171 days elapsed between the date of his arrest, November 26, until the day of the trial, May 16. In moving for dismissal, appellant accordingly had established a *prima facie* case for discharge, and the state was required to show that the time had been extended under R.C. 2945.72. *State v. Butcher* (1986), 27 Ohio St. 3d 28; *State v. Geraldo* (1983), 13 Ohio App. 3d 27.

In support of its position, the state cites R. C. 2945. 72(B). This provision states that the time for bringing the defendant to trial can be extended for any period in which "his mental competency to stand trial is being determined ***." The state submits that this extension covered the entire period during which appellant's competency motion was pending.

Citing *State v. Wilson* (1982), 7 Ohio App. 3d 219 and *State v. Bowman* (1987), 41 Ohio App. 3d 318, appellant argues that the time was not tolled when his competency motion was filed, but instead when the trial court ordered the examination. In *Wilson,* the court held that this interpretation was axiomatic, since the trial court could refuse to rule on the motion and delay the trial indefinitely.

However, the wording of R.C. 2945.37, hearing on competence to stand trial, does not support this logic. As will be noted below, that statute implies that within thirty days of the filing of the motion, the trial court must either hold a hearing or order an examination of the defendant's mental condition. Thus, the trial court cannot delay more than thirty days in ruling on the motion to refer the accused to determine competency.

Moreover, the *Wilson* holding directly conflicts with a prior Supreme Court decision on this very issue:

"The time elapsing between the tendering of a plea of 'not guilty by insanity' and a finding of mental competency to stand trial directly resulting from such a plea shall not be included in computing days under R.C. 2945.71." *State v. Walker* (1976), 46 Ohio St. 2d 157, second paragraph of the syllabus.

In *State v. Kramer* (Aug. 12, 1988), Portage App. No. 1779, unreported, the defendant entered a plea of not guilty by reason of insanity, and the trial court granted his motion for a competency and sanity evaluation. Applying *Walker,* this court held that the running of the time limit

under R.C. 2945.71 was tolled from the date the plea was entered. This logic is also applicable to the facts of this case. Thus, the time limit for bringing appellant to trial was tolled from the date the motion was filed, January 9, until February 8, the date of the trial court's order on the examination.

From the filing of appellant's motion until the hearing on the competency issue, a total of 107 days elapsed. In his second argument under this assignment, appellant maintains that 67 of these days should be charged to the state in calculating whether he was brought to trial within the statutory limit. This argument is based upon appellant 's interpretation of the statutes pertaining to the competency hearing.

When the issue of the defendant's competency is raised before the trial has begun, the trial court is required to hold a hearing on the matter. As to the timing of this hearing, R.C. 2945.37(A) states:

"The court shall conduct the hearing within thirty days after the issue is raised, *a unless the defendant has been referred for examination under section 2945.371* (2945.37.1) of the Revised Code, in which case the court shall conduct the hearing within ten days after the filing of the report required by that section." (Emphasis added.)

As to the timing of the examiner's report on the defendant's competency, R.C. 2945.371(D) provides "[t]he examiner shall file a written report with the court within thirty days after entry of an order for examination."

Interpreting these provisions as they apply to the speedy trial question, appellant asserts that the running of the time limit can only be tolled for forty days when an examination is ordered. This forty day period includes the thirty days in which the examiner must file a report and the ten day period in which the trial court must consider the report.

Using appellant's interpretation of the provisions, the thirty day period in which the examiner's report must be filed begins when the competency motion is first filed. We disagree. As the quoted language states, the trial court is required to hold a hearing on the competency issue within thirty days of the motion, unless an examination is ordered by the trial court without a hearing. This implies that the decision on the question of reference for a competency examination must be made before the conclusion of this thirty day period. However, there is no indication in the statute that the examination order must be made on the day the motion is filed or the issue is raised.

Thus, the trial court could order the examination on the thirtieth day following the filing of the motion. Therefore, appellant's first argument under this assignment is not well taken.

Furthermore, we do not agree with the appellant's assessment of R.C. 2945.371(D) in which he suggests that it mandates that a clinical psychologist, psychiatrist or other qualified medical professional must examine and render a written evaluation of an accused's competency to stand trial within thirty days of the trial court's order that such an examination be undertaken. According to the appellant, failure to comply causes the speedy trial clock to start running from the day that the report is due.

This issue has been addressed on numerous occasions with varying results in our appellate districts. See, *e.g.*, *State v. Bowman* (1987), 41 Ohio App. 3d 318; *State v. Patrick* (Oct. 13, 1988), Ross App. No. 1489, unreported; *State v. Burks* (May 4, 1989), Cuyahoga App. No. 55271, unreported; *State v. McKean* (Mar. 8, 1990), Fairfield App. No. 31-CA-89, unreported; and *State v. Wheatcraft* (Oct. 6, 1989), Vinton App. No. 452, unreported.

Previously, this court has also addressed this issue in *State v. Hickman* (Sept. 27, 1985), Ashtabula App. No. 1201, unreported; *State v. Kramer* (Aug. 19, 1988), Portage App. No. 1779, unreported; and *State v. Kotnik* (March 31, 1989), Lake App. No. 13-015, unreported. Initially, in *Hickman, supra,* this court noted:

"*** Although the language of R.C. 2945.37(D) and 2945.37(E) is mandatory, its mandates are directed at the examination proceedings and hearings thereon, not the speedy trial provisions. This statutory section was obviously included by the General Assembly to accommodate any realities of the workings of public and private forensics centers, psychiatrists, and clinical psychologists. [Hickman's] position here expressly ignores these verities." *Id.* at 5-6.

Most recently, in *Kotnik, supra,* a visiting court panel relying upon the precedential value of *Hickman* rejected an assignment of error identical to the one raised in the underlying cause. *Kotnik, supra,* at 7-8. The *Kotnik* court concluded "[t]he persuasive argument appears to be that the time is tolled until the report is actually filed. " *Id.* at 10. This was the same position which this court originally adopted in

*Hickman,* and absent any compelling reasoning, we continue to endorse *Hickman.*

Furthermore, for the reasons stated in *Hickman,* and subsequently followed in *Kotnik,* we conclude that the mandates of R.C. 2945.37(E) are "directed at the examination proceedings and hearings thereon, and not the speedy trial provisions *** to accommodate any realities or the workings *** of such an undertaking." *Hickman,* at 5-6.

Therefore, the trial court did not err in overruling appellant's motion to dismiss based upon a violation of appellant's speedy trial rights.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., dissents with dissenting opinion,

MAHONEY, J., concurs.

CHRISTLEY, P.J.,

I respectfully dissent as to the majority's analysis of R.C. 2945.371(D) in the sole assignment of error. That section provides "[t]he examiner shall file a written report with the court within thirty days after entry of an order for examination." The majority contends that this time frame is not meant to be a limitation applicable to the statutory speedy trial provision.

However, I believe this very specific provision must be read in conjunction with the more general provision of R.C. 2945.72(B) which indicates that the time for bringing the defendant to trial can be extended for any period in which "his mental competency to stand trial is being determined ***." The latter statute is clearly meant to provide an exception to the statutory speedy trial requirements. Therefore, it makes sense that the more specific (and later enacted) statute delineating the time frame for the psychiatric evaluation process should also be read as an exception to the speedy trial requirements. Two reported appellate cases both reinforce this interpretation, *State v. Bowman* (1987), 41 Ohio App. 3d 318, and *State v. Wilson* (1982), 7 Ohio App. 3d 219.

That is not to say that the court has its hands tied by the thirty-day limitation for the psychiatric examination. Rather, it simply means that the court must properly document the need for a continuance or extension of that time frame just as it would be required to do so for any other legitimate continuance request. *State v. Smith* (1981), 3 Ohio App. 3d 115. The majority cites numerous unreported cases both from this district and without; however, I would note the majority of recorded cases dealing with this subject support the position outlined above.

I am acutely aware that numerous difficulties exist in arranging timely competency examinations, due to the limited availability of qualified psychiatric examiners Nevertheless, until the legislature chooses to provide a more realistic time frame or the Supreme Court chooses to provide a definitive reconciliation between the two statutory provisions at issue, I am constrained to find that the speedy trial statutes must be strictly construed with the end result being that the time between March 10 and the competency hearing must be charged to the State. I would, therefore, find appellant's argument on this issue in his sole assignment of error to be well taken and would reverse the judgment of the trial court and discharge the appellant.