Defendant-appellant, Richard W. Rupe, was arrested for grand theft on June 13, 1996. He was held without bond on that charge until July 8, 1996, when he was released on his own recognizance. Appellant failed to appear for a pretrial hearing on September 30, 1996, and the case was continued until November 4, 1996. Meanwhile, appellant was arrested on October 11, 1996 on a charge of receiving stolen property and was held solely on that charge until November 4, 1996 when a pretrial hearing was held for both offenses. From November 4, 1996 until a pretrial hearing on January 16, 1997, appellant was incarcerated in lieu of bail on both charges. At the January 16, 1997, hearing appellant moved to dismiss the charges against him on speedy trial grounds. The trial court granted appellant's motion as to the second charge (receiving stolen property), but denied it as to the first charge (grand theft). Appellant pled no contest to grand theft, and was convicted and sentenced. This appeal followed.
The only issue on appeal is whether appellant was brought to trial on the grand theft charge within the two hundred seventy days mandated by the Ohio "speedy trial" statute, R.C. 2945.71. Specifically, appellant contends that the trial court erred by failing to give him triple credit for the days he was incarcerated in lieu of bail from November 4, 1996 until January 16, 1997.
In general, a "person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after his arrest. R.C. 2945.71(C). However, R.C. 2945.71(E) provides that "[f]or purposes of computing time under division(C)(2) * * * of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." This so-called "triple count" provision of R.C. 2945.71(E) does not apply to a criminal defendant who is incarcerated in lieu of bail on multiple charges not contained in the same indictment. State v. Bowman (1987),41 Ohio App.3d 318. That is, in order for the triple-count provision to apply, a defendant must be held in jail in lieu of bail solely on the pending charge. State v. MacDonald (1976), 48 Ohio St.2d 66,71; State v. Ladd (1978), 56 Ohio St.2d 197, syllabus. In Ladd, where a defendant was indicted for unauthorized use of a motor vehicle and a few weeks later was indicted for rape, the supreme court declined to apply the triple-count provision to the time period when the defendant was being held on both charges, stating: "Surely a defendant held on several charges within the same jurisdiction * * * cannot be allowed to put the state into a position of having to try him on each count within ninety days."
In this case, the calculation of time for speedy trial purposes is as follows: While he was first incarcerated in lieu of bail, from his arrest on June 13, 1996, until his release on July 8, 1996, appellant is entitled to seventy-five days of credit (twenty-five actual days times three). R.C. 2945.71(E). From the date of his release until the date of the first pretrial hearing, or eighty-four actual days, appellant is entitled to eighty-four days of credit. From the date of the first pretrial on September 30, 1996, when appellant failed to appear, until the second pretrial hearing on November 4, 1996, appellant receives no credit because the trial court correctly ordered the delay charged against him. From the date of the second pretrial hearing on November 4, 1996, until January 16, 1996, seventy-three actual days, appellant was incarcerated in lieu of bail on both charges, and, therefore, does not receive triple credit.
Appellant, therefore, has accumulated two hundred thirty-two statutory days. Appellant's right to a speedy trial under R.C.2945.17(C)(2) was not violated. The assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.