Appellant-defendant Lewis E. Ferguson, Jr. appeals from a conviction in the Medina County Court of Common Pleas for gross sexual imposition. This Court affirms.
On June 9, 1994, Ferguson was indicted by the Medina County Grand Jury on one count of gross sexual imposition, a violation of R.C. 2907.05, for having had sexual contact with a four-year-old female. Ferguson initially pled not guilty to the charge.
Trial was set for November 23, 1994. In October 1994, Ferguson's original counsel withdrew for reasons of ill health and was replaced. On November 17, 1994, Ferguson's new counsel requested a continuance to prepare for trial. The trial court granted the continuance on November 28, 1994, and a new trial date of January 12, 1995, was subsequently established. A week prior to the trial date, Ferguson again requested a continuance. This request was granted and trial was again rescheduled. The day before trial was set to commence, Ferguson once again moved for a continuance. The motion was granted.
Ferguson then moved to suppress statements he had made to the police during an interview conducted on May 27, 1994. Ferguson alleged in part that he had not been advised of his Miranda rights and that the statements were not voluntary, but were the result of his being a developmentally handicapped individual susceptible to police trickery. A hearing was held and the trial court viewed a videotape of the police interview with Ferguson. On April 10, 1995, the trial court denied the motion to suppress.
The following month, Ferguson again requested another continuance the day before trial; this motion was also granted and trial was again rescheduled. The week prior to the rescheduled trial date, Ferguson moved for a psychiatric evaluation to determine his competency to stand trial and his sanity at the time of the actions underlying the criminal charge. The trial court granted the motion. In August 1995, a hearing was held and Ferguson was found to be incompetent to stand trial. He was, however, deemed able to be restored to competency within one year, and the court ordered Ferguson into restoration training pursuant to R.C. 2945.38. A suitable facility to restore Ferguson's competency was sought, but confusion arose over which treatment facility Ferguson could attend and from whom the facility would receive compensation; Ferguson did not report to the facility as ordered. Accordingly, the trial court revoked Ferguson's bond on March 31, 1997. The matter of compensation was resolved by the trial court in June 1997 and Ferguson was again ordered to attend the facility for restoration of his competency.
In October 1997, a hearing was held to determine Ferguson's competency to stand trial. At that time Ferguson moved for dismissal of the charges against him, arguing that, because the court had failed to hold competency hearings within the statutorily established time frames, the court was without jurisdiction to proceed. The trial court overruled the motion, and on November 20, 1997, Ferguson pled no contest to the charges against him. The trial court found Ferguson guilty and sentenced him to one year of incarceration.
Ferguson timely appeals, asserting three assignments of error.
 First Assignment of Error The Trial Court Erred in Overruling Defendant's Motion to Suppress Statements Made by Lewis Ferguson to the Medina Police Department.
In his first assignment of error, Ferguson alleges that the trial court should have suppressed incriminating statements that he made to the police in his May 27, 1994 interview. Ferguson claims that, because the police purportedly denied Ferguson's request to have his father present during the interview, and because Ferguson is developmentally handicapped, his waiver of hisMiranda rights and his incriminating statements were not voluntarily made. Ferguson cites as support for this argument (1) the testimony of the officer who conducted the interview that Ferguson was scared and possibly confused, and (2) an opinion letter by a doctor who had treated Ferguson for several years and who had viewed the videotape and concluded that Ferguson "was unable to have properly made a knowing and intelligent waiver of his constitutional rights."
This Court finds Ferguson's argument unpersuasive. First, reversing the order of Ferguson's argument, Ferguson's reliance on the opinion letter by his doctor is misplaced. Although Ferguson's counsel cites to a portion of the record as containing an attached copy of this letter, no such letter is attached to any
portion of the record. A copy of an opinion letter by Ferguson's doctor was forwarded to this Court, but this letter is neither time-stamped nor bound in the official record. Nor is the letter even attached to any document that appears to have ever been filed with the trial court. This Court cannot presume that a loose sheet of paper, bearing no time-stamp or other sign of having been filed with the trial court, was in fact ever before the trial court.
Second, a review of the transcript reveals that the officer who interviewed Ferguson testified repeatedly at the suppression hearing that he did not have full recall of what had transpired at the interview that had taken place nearly a year prior; counsel for both sides agreed that the trial court should view the videotape to determine whether Ferguson had knowingly waived hisMiranda rights and whether his statements had been the product of police coercion. However, no copy of the videotape was forwarded to this Court as part of the record, and no written transcript of the interview was supplied to this Court pursuant to App.R. 9(A). This Court has previously explained:
 "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's proceedings and affirm. * * * In addition, in the absence of all the relevant evidence, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court. It is the appellant's responsibility to include all the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court. * * *."
(Alterations in original.) State v. Cavanaugh (Mar. 28, 1990), Summit App. No. 14237, unreported, quoting Columbus v. Hodge
(1987), 37 Ohio App.3d 68, 69. See, also, State v. Baker (Nov. 2, 1995), Athens App. No. 94CA1644, unreported. Accordingly, this Court cannot accept Ferguson's unsupported assertion that he was "subjected to interrogation in a coercive environment by a veteran law-enforcement officer peppering him with leading and open-ended questions." The decision of the trial court is presumed correct, and the first assignment of error is overruled.
 Second Assignment of Error The Trial Court Erred in Overruling Defendant's Motion to Dismiss on Grounds that Ferguson had been Denied his Right to a Speedy Trial.
In his second assignment of error, Ferguson argues that he was denied his right to a speedy trial and that, as a result, the charges against him should have been dismissed with prejudice. This Court disagrees.
Ferguson was arrested on May 27, 1994, and later indicted on one count of gross sexual imposition, a third degree felony, on June 17, 1994. Following numerous continuances and motions, he eventually pled no contest and was found guilty on November 20, 1997. Ferguson contends that this lengthy passage of time violated R.C. 2945.71(C) (2), which provides that a defendant charged with a felony offense shall be brought to trial within two hundred seventy days of his arrest.
On its face, the delay between the time of Ferguson's arrest and his trial date would clearly appear to violate the statutory time limits. However, R.C. 2945.72(E) provides that the time within which a defendant must be brought to trial may be extended by "[a]ny period or delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused." R.C.2945.72(H) provides similar tolling for "[t]he period of any continuance granted on the accused's own motion." Ferguson argues that even with such tolling, three hundred twenty-nine days had elapsed by November 20, 1997. Therefore, to find that no violation of Ferguson's right to a speedy trial has occurred, this Court would have to conclude that at least fifty-nine of the days for which Ferguson claims credit were in fact tolled.
A review of the record clearly reveals that a sufficient number of days were tolled to prevent a violation of R.C.2945.71(C) (2). Even momentarily accepting arguendo Ferguson's calculations up to his June 8, 1995 motion to determine competency as correct, Ferguson only claims that three hundred two days had elapsed by the October 6, 1997 commencement date of the hearing wherein he was found competent. In arriving at this figure, Ferguson claims as credit the seventy-six days between the trial court's receipt of the competency report and the October 6, 1997 competency hearing. Ferguson cites as support State v. Wilson
(1982), 7 Ohio App.3d 219, and argues that no tolling occurs from the time a trial court has received a report on a defendant's competency to the date on which the court conducts the competency hearing. Wilson, however, is not good law. The Supreme Court of Ohio has explicitly overruled Wilson, holding that, "[p]ursuant to R.C. 2945.72(B), the time within which an accused must be brought to trial is tolled from the date the accused files a motion challenging his or her competency to stand trial." State v.Palmer (1998), 84 Ohio St.3d 103, paragraph one of the syllabus. This tolling "continues until the trial court makes a competencydetermination and does not end when a competency examiner fails to issue a report within the time limits imposed by former R.C.2945.371(D)." (Emphasis added.) Id. at paragraph two of the syllabus. Therefore, the seventy-six days were tolled. By Ferguson's own calculation, then, only two hundred twenty-six days could have run by the October 24, 1997 final competency hearing date.
Although it is settled without further inquiry that a sufficient number of days have been shown to have been tolled to find Ferguson's speedy trial claim flawed, this Court notes that even the revised calculation remains inflated. The record reveals that Ferguson was arrested on May 27, 1994, and subsequently bonded out on June 3, 1994. This Court has previously held that "the day of arrest is not to be included when computing the time within which a defendant must be brought to trial under R.C.2945.71." State v. Steiner (1991), 71 Ohio App.3d 249, 250-251. Rather, time begins to run the following day, and because R.C.2945.71(E) provides that three days credit shall be earned for each day an individual is held in jail in lieu of bail, Ferguson had earned twenty-one days toward the two hundred seventy day time period by the time he was released. Ferguson has incorrectly counted the day of arrest in his calculations; therefore, correcting the error, only two hundred twenty-three days could have elapsed by October 24, 1997.
Ferguson has also failed to take into account the period from October 5, 1994, to October 17, 1994, when his motion for withdrawal of prior counsel and appointment of new counsel was before the trial court. As noted, R.C. 2945.72(E) tolls this twelve day period.[1] Accordingly, no more than two hundred eleven statutory days could be said to have passed by October 24, 1997.
Finally, Ferguson argues that he is entitled to an additional twenty-seven days for the period following the October 6-24, 1997 hearing. This too is incorrect. On November 18, 1997, Ferguson filed a motion to dismiss for failure to provide a timely trial. The Supreme Court of Ohio has held that "a motion to dismiss acts to toll the time in which a defendant must be brought to trial."State v. Bickerstaff (1984), 10 Ohio St.3d 62, 67. See, also,State v. Rieves-Bey (Oct. 23, 1997), Cuyahoga App. Nos. 70827 and 70828, unreported ("It is axiomatic that statutory time is tolled upon the filing of a motion to dismiss for violation of speedy trial rights."). Therefore, statutory time was tolled from November 18, 1997, to the trial court's denial of Ferguson's motion and his change of plea on November 20, 1997. At most, then, only two hundred forty-eight applicable days had elapsed prior to November 20, 1997, well within the two hundred seventy days within which the state was required to bring Ferguson to trial.[2] Consequently, Ferguson's second assignment of error is not well taken.
 Third Assignment of Error The State Failed in a Number of Respects to Hold Competency Hearings as Required by R.C. 2945.38; Such Conduct Violated Lewis Ferguson's Due process Rights and it was Error for the Trial Court to Try and Convict him.
In his final assignment of error, Ferguson argues that, because the trial court allegedly failed to hold competency hearings as required by the prior version of R.C. 2945.38(D) and (F),[3] his procedural and substantive due process rights were violated. Accordingly, Ferguson contends, the charges against him should have been dismissed for a lack of jurisdiction. This Court disagrees.
It is without question that former R.C. 2945.38(D) provides for holding a competency hearing under R.C. 2945.37 within three days after expiration of the maximum time within which the trial court's order of restoration treatment can be in effect. The maximum time during which a court's order of treatment may be in effect is "the lesser of fifteen months or one-third of the longest minimum sentence that might be imposed for conviction of a felony." R.C. 2945.38(D). Further, R.C. 2945.38(E) provides that the individual supervising a defendant's restoration must file a written report whenever the supervisor believes the defendant is competent to stand trial or fourteen days prior to the expiration of the maximum time the court's order may be in effect if the defendant has not been found restored to competency. R.C.2945.38(E) (2) and (4). Upon receipt of a report issued under R.C.2945.38(E), the trial court shall hold a competency hearing within ten days. R.C. 2945.38(F).
What is less readily apparent is whether a violation of these time guidelines divests the trial court of jurisdiction. In the instant case, it appears from the record that Ferguson's treatment commenced on May 23, 1997. The trial court received the competency evaluation on July 21, 1997. No hearing was conducted under R.C. 2945.38(D) or (F) until the October 6, 1997 competency hearing. Ferguson argues on appeal that because he continued treatment past July 23, 1997, this exceeded the duration of the trial court's order for restoration, and the court should have held a hearing within three days. Further, Ferguson argues that the trial court was required to hold a hearing within ten days of its receipt of the competency report on July 22, 1997.
In support of his argument, Ferguson cites State v. Phelps
(1991), 75 Ohio App.3d 573, as standing for the proposition that "[a] court which fails to determine competence at a hearing within three days of the expiration of the maximum time period under [R.C.] 2945.38(D) will lack jurisdiction to try and convict that defendant." Phelps, however, is less applicable to the instant case than it would at first appear. Phelps features distinguishable facts; the Phelps defendant was found incompetent to stand trial with a probability of being restored to competency, he entered into restoration treatment, and the trial court subsequently held four competency hearings—none of which resulted in the defendant being found competent. The trial court continued to find the Phelps defendant incompetent and continued restoration treatment past the maximum restoration period; following the expiration of this period, the defendant was finally found competent, convicted, and sentenced. The Phelps court based its holding that the trial court was required to relinquish jurisdiction to convict and sentence the defendant and to dismiss the indictment on the language of R.C. 2945.38, which provides:
 (C) If the court finds that the defendant is incompetent to stand trial and that, even if he is provided with a course of treatment, there is not a substantial probability that he will become competent to stand trial within one year, and it appears to the court, through a review of the report of an examiner * * *, that the defendant is mentally ill or mentally retarded, the court may cause an affidavit to be filed in the probate court * * * alleging that the defendant is a mentally ill person subject to hospitalization by court order or a mentally retarded person subject to institutionalization by court order * * *.
* * *
 (G) The court shall dismiss the indictment * * * against a defendant finally found incompetent to stand trial under division (C), (D), or (F) of this section * * *.
Therefore, contrary to Ferguson's characterization, Phelps does not stand for the broad proposition that a trial court is divested of jurisdiction upon a failure to hold a hearing within the statutory guidelines. Rather, Phelps stands for the proposition that a trial court is statutorily divested of jurisdiction to proceed when, at the expiration of the maximum period of permissible restoration treatment, the trial court has conducted a hearing and has still found a defendant incompetent to stand trial. In the instant case, no finding of incompetency was made after the initial hearing; the next hearing conducted, although tardy, resulted in a finding of competency. While R.C. 2945.38
specifically provided for divestiture of jurisdiction under the facts found in Phelps, the statute does not contain any provision providing for the loss of jurisdiction under the facts herein. The legislature could have provided for such loss of jurisdiction if it had so intended, and this Court declines Ferguson's invitation to encroach upon that entity's authority by imputing meaning where none was apparently intended.
Consequently, neither party cites any authority with analogous facts that has directly confronted and resolved this issue, and this Court's research has not uncovered such case law. However, resolution of this issue may be had by turning to two statutes that are part of the same statutory scheme as R.C.2945.38 and to the Supreme Court of Ohio's most recent pronouncement on statutory interpretation and statutorily established time guidelines.
The Eighth District has consistently held that the time provisions of former R.C. 2945.37(A) and R.C. 2945.371(D) are directory rather than mandatory. State v. Smith (Apr. 23, 1992), Cuyahoga App. No. 60509, unreported; State v. Allen (Oct. 6, 1983), Cuyahoga App. No. 46059, unreported. Further, although both R.C. 2945.38(D) and (F) contain the word "shall," such language can be held to be directory. The Supreme Court of Ohio has stated:
 It is true that where a statute contains the word "shall," the provision will generally be construed as mandatory. * * *
 But, even with "shall" as the operative verb, a statutory time provision may be directory. "As a general rule, a statute which provides a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure." [State ex rel. Jones v. Farrar (1946), 146 Ohio St. 467, 472]. This is so "unless the nature of the act to be performed or the phraseology of the statute or of other statutes relating to the same subject-matter is such that the designation of time must be considered a limitation upon the power of the officer." State ex rel. Smith v. Barnell (1924), 109 Ohio St. 246, 255 * * *.
In re Davis (1999), 84 Ohio St.3d 520, 522 (holding that failure to adhere to time guideline of R.C. 2151.35(B) (3) does not divest the court of jurisdiction because the statute "does not include any expression of intent to restrict the jurisdiction of the court for untimeliness").
This Court agrees with the Davis rationale and extends the Eighth District's interpretation of the time guidelines of former R.C. 2945.37(A) and 2945.371(D) to the analogous time guidelines set forth in former R.C. 2945.38. Accordingly, although the trial court did not hold the competency hearing within the guidelines set forth in the statute, such guidelines were directory, not mandatory, and no due process violation divesting the trial court of jurisdiction resulted.[4] Ferguson was still afforded the opportunity to present evidence on his behalf within a reasonable time, although he declined to do so. He does not assert on appeal that the trial court's determination of competency was incorrect. Nor does Ferguson claim that he was prejudiced by the delay in holding the competency hearing; Ferguson only attacks the trial court's authority to proceed and not its findings. As such, this Court declines to find prejudice in the trial court's failure to hold the competency hearing within the guidelines provided by the statute, see State v. Correa (Nov. 23, 1983), Cuyahoga App. No. 46633, unreported, and holds that where, as here, a trial court holds a hearing under R.C. 2945.38 within a reasonable period of time and finds the defendant to be competent, the trial court retains jurisdiction to proceed.[5]
Ferguson's assignments of error are overruled. The judgment of the court of common pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
SLABY, P. J.
BAIRD, J.
CONCUR
[1] Following appointment of counsel, thirty-one days elapsed that are added to the statutory count, followed by a period of lengthy tolling pursuant to R.C. 2945.72(H), almost all of which the parties do not dispute. As such, this Court need not conduct an extended discussion of this period other than to ensure accuracy in resolving this assignment of error. This period saw the following activity: On November 17, 1994, Ferguson filed his first motion for continuance, which was granted on November 28, 1994. A second continuance was sought on January 6, 1995; the trial court granted the motion on January 9, 1995. Ferguson moved for a third continuance on February 8, 1995, which was granted on that same day. Finally, on May 15, 1995, Ferguson moved for a fourth continuance. The trial court granted the continuance the next day. During this period of time, Ferguson also filed a February 21, 1995 motion to suppress; this motion was denied on April 10, 1995. This period also extended the time within which Ferguson had to be brought to trial. See State v. Bumbalough
(1992), 81 Ohio App.3d 408, 410.
[2] Although the parties dispute whether the period between the April 10, 1995 denial of Ferguson's motion to suppress and the May 15, 1995 motion for a fourth continuance should have been tolled, the debate is rendered moot by the already sufficient number of days this Court has deemed tolled. Even assuming — without deciding — that these days could be credited against the state, the final figure still falls well within the two-hundred-seventy-day period.
[3] Ferguson entered restoration treatment under a prior version of R.C. 2945.38 that was in effect from July 1, 1989, to July 1, 1996. The statute has since been amended. This Court's analysis necessarily proceeds under the former statutory scheme.
[4] Courts have held in numerous instances that where, as here, a statute contains the word "shall," but the intent behind establishing the time period contained in the statute is not to divest the trial court of jurisdiction or to establish a mandatory time limitation, the statute's time guideline shall be interpreted as directory. See, e.g., In re Gibson (Apr. 28, 1999), Crawford App. Nos. 3-98-26, 3-98-27, and 3-98-28, unreported, citing In reDavis, supra (holding that seven-day time provision of R.C.2151.35(B) (3) is directory and not mandatory); State ex rel. Parrav. Skow (Apr. 15, 1999), Lucas App. No. L-99-1027, unreported (holding thirty-day time period set forth in R.C. 2701.02 to be directory); State v. Trott (Mar. 22, 1999), Mahoning App. No. 94 CA 73, unreported, citing State ex rel. Turrin v. Tuscarawas Cnty.Court (1966), 5 Ohio St.2d 194, 196 (holding that time period in R.C. 2938.11(F) is directory); State ex rel. Lawrence Cnty. ChildSupport Enforcement Agency v. Ward (Nov. 18, 1996), Lawrence App. No. 95CA40, unreported (holding that time provision of R.C.3111.12(F) is directory); State v. Hamblin (Dec. 15, 1994), Cuyahoga App. No. 66556, unreported (holding that time provision set forth in R.C. 2953.21(D) is directory); State v. Sullivan
(Jan. 29, 1986), Fairfield App. No. 39-CA-85, unreported (holding five-day time provision in prior R.C. 4511.191(K) to be directory); State v. Collins (Nov. 17, 1983), Knox App. No. 83-CA-7, unreported (holding that the thirty-day time period in R.C. 2945.02 is directory).
[5] This holding does not render the time provisions of R.C.2945.38 meaningless. Rather, the provisions provide strong guidance for determining whether a delay in holding a required hearing is reasonable and should be relied upon by parties seeking to compel court action for relief from unreasonable delays. Cf.In re Davis, supra, at 523.