JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the court of common pleas and the briefs.
The State of Ohio appeals the decision of the trial court denying their motion for a continuance in order to respond to appellee's oral motion to dismiss. For the reasons set forth below, we affirm the decision of the trial court.
The appellee, William E. Bridges, was arrested on October 8, 2000 for the charge of domestic violence. While Bridges was in custody, the State dropped the domestic violence charge and re-indicted on a new charge of felonious assault based on the same underlying incident. Bridges was arraigned on the felony assault charge on January 10, 2001 and received his first pre-trial conference on January 16, 2001.
At the time of the pre-trial conference, Bridges made an oral motion to dismiss based on an alleged violation of his speedy trial rights. The trial court allowed the State to review this matter and reconvened later in the afternoon. When the court met again, Bridges reasserted his oral motion to dismiss based on an alleged violation of his speedy trial rights. Bridges' counsel stated that his client had been incarcerated in excess of ninety days without having been brought to trial. The State requested that Bridges be ordered to submit a written motion to dismiss and that the State be allowed additional time to investigate his claim.
The trial court denied the State's request and dismissed the charges against Bridges on speedy trial grounds. The trial judge stated:
 THE COURT: Given the Court's calculations, the State's request (for a continuance) is denied.
 I'll be honest, I don't think there is much more investigation that's going to tell us anything more than we don't already know.
 And that is, Mr. Bridges, your speedy trial time has expired under the circumstances and the court has no recourse but to dismiss this case based upon speedy trial grounds. The defense motion is granted at this time and Mr.
Bridges is hereby ordered released.
The State appeals the decision of the trial court and asserts the following sole assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE STATE THE OPPORTUNITY TO INVESTIGATE AND RESPOND TO DEFENDANT/ APPELLEE'S ORAL MOTION TO DISMISS.
The State asserts that the trial court failed to grant it a continuance to investigate Bridges' contentions made at the first pre-trial that his speedy trial rights had been violated.
Initially, this court has determined that the decision to grant or deny a continuance is found to be within the sound discretion of the trial court. Sanders v. Sanders (Oct. 12, 2000), Cuyahoga App. No. 77697, unreported, 2000 Ohio App. LEXIS 4769; See also State v. Unger (1981)67 Ohio St.2d 65, 67; Hartt v. Munobe (1993), 67 Ohio St.3d 3, 9. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. Unger, supra, citing Ungar v. Sarafite (1964), 376 U.S. 575, 589.
In this case, the trial court must weigh the State's request for a continuance against Bridges remaining in jail for additional time while the State investigates. The court balanced these two options by allowing the State several hours to investigate the allegations and then reconvened later in the day. When the court reconvened, the prosecutor admitted that there may be some truth to appellant's calculations.
The trial court then determined, based on its own calculations, that Bridges' motion to dismiss was proper; therefore the State's motion for a continuance was denied. The trial court's actions cannot be viewed by this court to constitute an abuse of discretion. Further, the record is void of any information presented by the prosecutor suggesting that any of Bridges' jail time could have been tolled or should not have been counted toward his speedy trial time limit. The State did not meet its obligation to produce evidence demonstrating that Bridges was not entitled to be brought to trial within the limits of R.C. 2945.71. State v. Bowman (1987), 41 Ohio App.3d 318. Instead the prosecutor agreed in part with Bridges' contentions.
The trial court concluded that Bridges' speedy trial time had expired. The State's sole assignment of error is therefore without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.