No. 90–6713. JELLS *v.* OHIO. Sup. Ct. Ohio. Certiorari denied.

JUSTICE MARSHALL, dissenting.

The question in this case is whether petitioner's waiver of his right to a jury trial was knowing and voluntary when there is no evidence that petitioner was aware that his waiver also applied to his right to be sentenced by a jury that could not impose death by less than a unanimous vote and without the trial judge's independent agreement that death was the proper sentence. Because I believe that petitioner could not be understood to have made a "knowing" decision without such critical information, I would grant the petition for certiorari.

I

The jury plays a vital role in Ohio's capital sentencing scheme. Under the Ohio Rules of Criminal Procedure, a felony defendant who does not waive the right to a jury trial is tried before a 12-person jury. See Ohio Rule Crim. Proc. 23(b) (1987). When the defendant is accused of a crime punishable by death, the same jury presides at both the guilt phase and the penalty phase. See *State* v. *Mapes*, 19 Ohio St. 3d 108, 116, 484 N. E. 2d 140, 147 (1985), cert. denied, 476 U. S. 1178 (1986); see also Ohio Rev. Code Ann. § 2929.03(C)(2)(b) (1987). Unless the jury unanimously finds beyond reasonable doubt that death is the proper sentence, the defendant must be sentenced to life imprisonment with parole eligibility after either 20 or 30 years imprisonment. See § 2929.03(D)(2); see also *State* v. *Jenkins*, 15 Ohio St. 3d 164, 200, 473 N. E. 2d 264, 297 (1984), cert. denied 472 U. S. 1032 (1985). Significantly, even if the jury unanimously recommends the death penalty, the trial court also must independently find beyond reasonable doubt that death is the correct sentence before the defendant may be sentenced to death. See Ohio Rev. Code Ann. § 2929.03(D)(2)–(3) (1987); see also *State* v. *Jenkins*, *supra*, at 200–201, 473 N. E. 2d, at 297.

Petitioner was convicted of murder and sentenced to death in an Ohio state court. Because petitioner waived his right to a jury trial, a three-judge panel determined both his guilt and his sen-

tence.[1]  The form on which petitioner executed his waiver mirrored the language of Ohio Rev. Code Ann. § 2945.05 (1987):

"'I, REGINALD JELLS, the defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by three judges of the court in which said cause may be pending.  I fully understand that under the laws of this State, I have a constitutional right to a trial by jury.'"  53 Ohio St. 3d 22, 25, 559 N. E. 2d 464, 468 (1990).

Petitioner signed the statement, as did his two witnessing attorneys.  *Ibid.*  The trial court also conducted a hearing to determine whether petitioner signed the form voluntarily:

"'THE COURT: Reginald, is that your signature?

"'THE DEFENDANT: Yes, it is, sir.

"'THE COURT: You did this of your own free will?

"'THE DEFENDANT: Yes, I did.

"'THE COURT: Nobody forced you to do this?

"'THE DEFENDANT: No, sir.

"'THE COURT: All right.

"'MR. HUBBARD [defense counsel]: I have witnessed his signature, your Honor.

"'THE COURT: This will be made part of the record.'" *Ibid.*

Petitioner maintains that his waiver was not constitutionally sufficient because at no point did the trial judge advise him that by waiving his jury trial right he also waived jury sentencing. The Ohio Supreme Court did not address the sufficiency of petitioner's waiver under federal constitutional standards even though it acknowledged that petitioner had claimed his waiver was "constitutionally insufficient."  See *id.*, at 24, 559 N. E. 2d, at 467. The court did hold, however, that under Ohio law the trial court is not required to determine whether a defendant "is fully apprised

---

[1] Under Ohio law, a defendant who is accused of a crime punishable by death and who waives his right to a jury trial is tried and sentenced by a three-judge panel.  See Ohio Rev. Code Ann. §§ 2929.03(C)(2)(a), 2945.06 (1987).  Ohio's capital sentencing statute does not contain any provision whereby a capital defendant can waive his right to a jury trial but nonetheless elect to be sentenced by a jury.

of the right to a jury trial," *id.*, at 25–26, 559 N. E. 2d, at 468, and that Ohio law is "satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel," *id.*, at 26, 559 N. E. 2d, at 468. For these reasons, the court determined that the trial court's failure specifically to advise petitioner of the effect of his waiver on sentencing gave rise to "no error, plain or otherwise." *Ibid.*[2]

I cannot accept the Ohio court's conclusion. The Sixth Amendment guarantees a criminal defendant the right to a trial by jury. While this right is subject to waiver, "we 'do not presume acquiescence in the loss of fundamental rights,'" *Johnson* v. *Zerbst*, 304 U. S. 458, 464 (1938) (citation omitted), and courts are therefore obliged to establish that any such waivers are made knowingly and voluntarily, *id.*, at 464–465. It is generally accepted that waivers of certain constitutional rights—such as a waiver through a guilty plea of the right to trial or a waiver of the right to counsel—should be made in open court. See *e. g.*, *Brady* v. *United States*, 397 U. S. 742, 748 (1970) (right to trial); *Johnson* v. *Zerbst, supra*, at 465 (right to counsel). Because these rights are critical in protecting a defendant's life and liberty, trial courts must apprise the defendant of the *"relevant circumstances and likely consequences," Brady* v. *United States, supra*, at 748 (emphasis added), to determine whether the defendant's waiver is made freely and intelligently.

Some courts, believing that the Constitution does not compel an inquiry by the trial judge when a defendant purports to waive his right to a jury trial, have nevertheless recognized that "trial courts *should* conduct colloquies with the defendant . . . [and] make sure that [the] defendant knows what the right guarantees before waiving it." See *United States* v. *Cochran*, 770 F. 2d 850, 852 (CA9 1985) (citing cases). In my view, when a *capital* defendant's waiver of his jury trial right includes a waiver of his right to jury sentencing, this type of a searching inquiry by the trial judge into the knowing and voluntary nature of the waiver is not only sound practice but is constitutionally compelled.

---

[2] Because the Ohio Supreme Court did not "actually . . . rel[y]" on a procedural bar for disposing of petitioner's federal claim, see *Caldwell* v. *Mississippi*, 472 U. S. 320, 327 (1985), our jurisdiction is secure. Respondent does not contend that petitioner's federal claim is not properly before us.

The decision to waive the right to jury sentencing may deprive a capital defendant of potentially life-saving advantages. As we have recognized, the jury operates as an essential bulwark to "prevent oppression by the Government." *Duncan* v. *Louisiana*, 391 U. S. 145, 155 (1968). "'[O]ne of the most important functions any jury can perform in making . . . a selection [between life imprisonment and death for a defendant convicted in a capital case] is to maintain a link between contemporary community values and the penal system.'" *Gregg* v. *Georgia*, 428 U. S. 153, 181 (1976) (joint opinion of Stewart, Powell, and STEVENS, JJ.), quoting *Witherspoon* v. *Illinois*, 391 U. S. 510, 519, n. 15 (1968). Indeed, it has been argued that juries are less inclined to sentence a defendant to death than are judges. See *Spaziano* v. *Florida*, 468 U. S. 447, 488, n. 34 (1984) (STEVENS, J., concurring in part and dissenting in part), citing H. Zeisel, Some Data on Juror Attitudes Towards Capital Punishment 37–50 (1968).

Under Ohio law, the consequences of a capital defendant's waiver are particularly far reaching. As noted, had petitioner not waived his jury trial right in favor of the three-judge panel, his life would have been spared unless all 12 jurors could have agreed that death was the proper sentence, and unless the trial judge then independently determined that the jury reached the correct result. The practical effect of petitioner's waiver, then, was to forfeit the right to have 10 additional decisionmakers review his punishment—each of whom would have had the power to veto his death sentence and some of whom might well have been less likely to vote for the death sentence than the three judges on the panel.

Given the consequences of petitioner's decision, the trial court's inquiry, which focused only upon whether petitioner signed the boilerplate waiver form voluntarily, was constitutionally inadequate. The court did not determine whether petitioner fully understood his entitlement to a jury trial—that is, whether he had signed the waiver "with sufficient awareness of the relevant circumstances and likely consequences" of his act. See *Brady* v. *United States*, *supra*, at 748. Nor did the waiver itself cure this defect, since it did no more than inform petitioner of his "'constitutional right to a trial by jury.'" 53 Ohio St. 3d, at 25, 559 N. E. 2d, at 468. It did not explain to him that he also was waiving his right to be sentenced by a jury or that, in the absence of a waiver,

he could be sentenced to death only upon the jury's unanimous vote and the independent approval of the trial judge.

It is no answer to assume, as did the Ohio Supreme Court, that petitioner's "opportunity to consult with counsel," *id.*, at 26, 559 N. E. 2d, at 468, was an adequate substitute for a full inquiry in open court. The Ohio Supreme Court made no effort to ascertain whether counsel had even conferred with petitioner at all, or, if they did confer, what petitioner was told. As I have noted before, courts cannot confidently assume that defense counsel have apprised a capital defendant of the considerations relevant to a decision to waive his right to a jury.

> "A presumption that defendant's counsel will always inform him of the relevant factors in a decision to waive constitutional rights amounts to a rule that all waivers made after the defendant has retained counsel *necessarily* will be considered voluntary, knowing, and intelligent. Such a rule offends common sense and impermissibly strips a defendant of constitutional protections long recognized by this Court." *Robertson* v. *California*, 493 U. S. 879, 881 (1989) (MARSHALL, J., dissenting from denial of certiorari).

Such casual presumptions not only have no place in matters of life and death but also contravene "[t]he requirement that *the prosecution* spread on the record the prerequisites of a valid waiver." *Boykin* v. *Alabama*, 395 U. S. 238, 242 (1969) (emphasis added). When a defendant purports to waive a fundamental constitutional right, "it is the State that has the burden of establishing a valid waiver." *Michigan* v. *Jackson*, 475 U. S. 625, 633 (1986). Because the State clearly has not met that burden in this case, I would grant the petition for certiorari.

## II

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia, supra,* at 231 (MARSHALL, J., dissenting), I would grant the petition for certiorari and vacate petitioner's death sentence even if I did not believe this case otherwise merited review.