Defendant-appellant, Roger E. Allen, Jr., appeals his convictions on two counts of burglary in violation of R.C. 2911.12(A)(1) and one count of aggravated burglary in violation of R.C. 2911.11(A)(3).
On July 16, 1996 a complaint was filed in Washington Court House Municipal Court charging appellant with committing a burglary which occurred on July 16, 1996. Appellant was arrested and incarcerated on that same day. On August 2, 1996, appellant was indicted, in case number 960104, by the Fayette County Grand Jury on one count of aggravated burglary and one count of burglary.[1] Also on August 2, 1996, appellant was indicted, in case number 960108, by the Fayette County Grand Jury on one count of aggravated burglary and one count of theft.[2] Both indictments were served upon appellant on August 5, 1996.
The trial court set both cases for trial on October 9, 1996, finding that appellant had been incarcerated since July 16, 1996. On October 3, 1996, appellant's counsel filed a motion to withdraw; counsel stated that it was his understanding that appellant had hired another attorney to represent him in both cases. An entry permitting appellant's counsel to withdraw was filed on October 3, 1996. On October 9, 1996, the day trial was to begin, appellant's newly-retained attorney filed a notice of appearance and a motion for a continuance in both cases.[3]
The record contains a waiver of speedy trial which was filed on October 9, 1996 and signed by appellant. On the speedy trial waiver, case number 960108 has been crossed out and appellant's initials are located by each case number.[4] A pretrial hearing was held for both cases on October 14, 1996 and a trial was scheduled for both cases on November 21, 1996.
On December 3, 1996, a trial notice was filed indicating that a pretrial hearing was held for both cases on November 21, 1996 and a jury trial was scheduled for both cases on December 18, 1996.[5] On December 18, 1996, a jury was brought to the courtroom, roll call was taken, and two oaths were administered to the jurors. At that point, appellant's counsel informed the trial court that appellant desired to waive his right to a jury trial and have the case decided by the trial court. The trial court then dismissed the jury. A written waiver of trial by jury dated December 18, 1996 was signed by appellant and filed in both cases on December 20, 1996.[6]
Following a bench trial, the trial court found appellant guilty of two counts of burglary in connection with the two counts contained in case number 960104, and guilty of aggravated burglary and not guilty of theft with respect to the two counts contained in case number 960108. On December 27, 1996, appellant filed a motion to dismiss the indictment in case number 960108 for violation of his right to a speedy trial. On January 8, 1997, a judgment entry of conviction was filed and appellant was sentenced accordingly.[7] Appellant now appeals, setting forth the following assignments of error:
Assignment of Error No. 1:
 PREJUDICIAL ERROR OCCURS WHEN THE TRIAL COURT DOES NOT PROPERLY CONDUCT THE IN-COURT INQUIRY REGARDING A JURY WAIVER, CONTRA R.C. 2945.05, AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION.
Assignment of Error No. 2:
 WHERE THE RECORD REVEALS THE ACCUSED HAS A CONFLICT WITH HIS ATTORNEY AND WHERE SUBSTANTIAL VIOLATIONS OF COUNSEL'S DUTIES ARE SHOWN, THE ACCUSED HAS NOT RECEIVED EFFECTIVE LEGAL ASSISTANCE AT TRIAL, CONTRA THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION, AND THE VERDICT AND SENTENCE ARE CONTRARY TO LAW.
Assignment of Error No. 3:
 THE TRIAL COURT COMMITS PREJUDICIAL ERROR IN OVERRULING A MOTION TO DISMISS FOR A SPEEDY TRIAL, WHEN THE RECORD REVEALS THE ACCUSED DID NOT CONSENT TO A WAIVER IN OPEN COURT.
In his first assignment of error, appellant contends that the trial court erred by failing to properly conduct an in-court inquiry regarding his jury waiver in violation of R.C. 2945.05
and the Sixth and Fourteenth Amendments to the Constitution.
R.C. 2945.05 provides, in part, as follows:
 In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * * Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel.
In addition, Crim.R. 23(A) states that before trial begins, a defendant may "knowingly, intelligently and voluntarily waive in writing his right to trial by jury" and may also waive his right to a trial by jury during trial "with the approval of the court and the consent of the prosecuting attorney."
The standard for reviewing courts when determining whether a trial court complied with R.C. 2945.05 is strict compliance. State ex rel. Jackson v. Dallman (1994), 70 Ohio St.3d 261, 262. If the trial court fails to strictly comply with the mandates of R.C. 2945.05, it has no jurisdiction to try a defendant without a jury. State v. Pless (1996), 74 Ohio St.3d 333, paragraph one of the syllabus; Dallman, 70 Ohio St.3d at 262.
The trial court is not required to "interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial." State v. Jells (1990), 53 Ohio St.3d 22,25-26, certiorari denied (1991), 498 U.S. 1111, 111 S.Ct. 1020. Rather, the terms of R.C. 2945.05 are satisfied where the defendant signs a written waiver which is filed with the court and the waiver is made in open court "after arraignment and opportunity to consult with counsel." Id. at 26; Dallman,70 Ohio St.3d at 262. The written waiver must be made a part of the record. Pless, 74 Ohio St.3d at paragraph one of the syllabus.
The written waiver need not be actually signed in open court "as long as the signed writing has been made a part of the record and the waiver is reaffirmed in open court." State v. Walker (1993), 90 Ohio App.3d 352, 358. Furthermore, a written waiver signed by the defendant and "followed by a one sentence inquiry by the trial judge is sufficient to insure defendant's rights." State v. Morris (1982), 8 Ohio App.3d 12, 14. "While it may be better practice for the trial judge to enumerate all the possible implications of a waiver of a jury, there is no error in failing to do so." Jells, 53 Ohio St.3d at 26.
In this case, after appellant's counsel informed the trial court that appellant wished to waive his right to trial by jury, the trial court addressed appellant as follows:
 JUDGE: Yes. Okay Mr. Allen [appellant] you do not desire a jury trial in this case?
ALLEN: No your Honor I do not.
JUDGE: Okay * * *.
The record also contains a written waiver signed by appellant and dated the date of the trial. The written waiver was subsequently filed with the court clerk and is a part of the record. Additionally, appellant was represented by counsel and had an opportunity to consult with his attorney prior to executing the waiver.
After carefully reviewing the record, we find that appellant's waiver of his right to a jury trial was valid under the circumstances and that the trial court properly accepted such waiver. See Jells, 53 Ohio St.3d at 26. Appellant was represented by counsel, signed and dated a written waiver of his right to have a jury trial, the written waiver was subsequently filed with the clerk of courts, and appellant acknowledged in open court his desire to waive a jury trial in this matter. The fact that the trial court did not conduct an extensive inquiry of appellant in this case is inconsequential because an extensive interrogation is not required by the applicable statute. See R.C.2945.05; Jells at 26; Morris, 8 Ohio App.3d at 14. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that he was denied the effective assistance of counsel at trial. Appellant argues that he had a conflict with his attorney and that his attorney did not completely investigate the case, was unprepared, was unfamiliar with the rules of evidence, and did not effectively cross-examine the state's witnesses against him. A defendant who claims ineffective assistance must show (1) deficient performance by counsel, and (2) resulting prejudice. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064.
The performance inquiry requires the reviewing court to ask whether, under the totality of the circumstances, "counsel's representation fell below an objective standard of reasonableness." Id. at 688, 104 S.Ct. at 2064. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689, 104 S.Ct. at 2065. The prejudice inquiry involves a determination whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694,104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. Id.
The burden to prove ineffectiveness of trial counsel lies with the appellant. State v. Hamblin (1988), 37 Ohio St.3d 153, 156, certiorari denied (1988), 488 U.S. 975, 109 S.Ct. 515. Defense counsel's trial tactics and strategy are generally insufficient support for an ineffective assistance of counsel claim. State v. Carrion (1992), 84 Ohio App.3d 27, 32.
The record indicates that on December 16, 1996 at the pretrial hearing, appellant expressed dissatisfaction with his attorney's representation and requested, on the record, to represent himself in the proceedings. At the time, appellant's attorney was not present so the trial court continued the hearing until later that afternoon to provide appellant with an opportunity to discuss the matter with his attorney. When the pretrial hearing began later that afternoon with both appellant and his attorney present, appellant was given an opportunity to speak and at no time did he renew his request to represent himself.
Furthermore, the record does not support appellant's assertion that his attorney did not fully investigate the case, prepare for the case, or effectively cross-examine the state's witnesses. During trial, appellant's attorney demonstrated his familiarity with the case and the record reveals that appellant's attorney's cross-examination of the state's witnesses involved an attempt to discredit their testimony and identify inconsistencies between their direct testimony and statements made during cross-examination. Appellant's attorney also attempted to establish, through cross-examination of the witnesses, that the state had failed to prove the elements of the crimes with which appellant was charged.
After carefully reviewing the record, we find that trial counsel's representation was neither professionally unreasonable nor prejudicial to appellant. See Strickland at 687,104 S.Ct. at 2064. We cannot say that but for defense counsel's alleged unprofessional errors, the result of the proceeding below would have been different. See Strickland at 694, 104 S.Ct. at 2068. Accordingly, appellant's second assignment of error is overruled.
In his third assignment of error, appellant contends that the trial court erred by overruling his motion to dismiss the indictment contained in case number 960108. Appellant argues that he did not consent to waive his right to a speedy trial in case number 960108 in open court and that such case should be dismissed.
R.C. 2945.71 sets forth the time constraints within which a criminal defendant must be brought to trial. Pursuant to R.C.2945.71(C)(2), a defendant who has been charged with a felony must be tried within two hundred seventy days following his arrest. "[E]ach day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). "R.C. 2945.71[(E)] is applicable only to those defendants held in jail in lieu of bail solely on the pending charge." State v. Kaiser (1978), 56 Ohio St.2d 29, paragraph two of the syllabus; State v. MacDonald (1976), 48 Ohio St.2d 66, paragraph one of the syllabus.[8]
 R.C. 2945.71 applies where an accused was in jail at the time an indictment was returned against him and was thereafter detained in jail solely because of that indictment. If the accused is detained as a result of prior convictions or indictments other than those from which he seeks a discharge, R.C. 2945.71 is inapplicable.
State v. Bowman (1987), 41 Ohio App.3d 318, 321, quoting State v. Fairbanks (1972), 32 Ohio St.2d 34, 39.
The record indicates that appellant was held in jail in lieu of bail on an indictment in case number 960104 as well as case number 960108. Since appellant was not being held solely on the indictment in case number 960108, from which he now seeks a discharge, the "triple-count" provision found in R.C. 2945.71(E) does not apply. See Kaiser, 56 Ohio St.2d at paragraph two of the syllabus; Bowman, 41 Ohio App.3d at 321. Therefore, appellant's right to a speedy trial was not violated since he was tried within two hundred seventy days of his arrest. See Kaiser, 56 Ohio St.2d at paragraph two of the syllabus; Bowman,41 Ohio App.3d at 321.
We need not reach appellant's argument regarding the effectiveness of the continuances in terms of R.C. 2945.02 and the trial court's noncompliance with that statute because the continuances did not operate to extend the speedy trial time; appellant was brought to trial within two hundred seventy days in accordance with the provisions of R.C. 2945.71(C)(2). Appellant's third assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] Count one of the indictment, charging appellant with aggravated burglary, involved an offense that occurred on June 23, 1996 and Count two of the indictment, charging appellant with burglary, involved an offense that occurred on July 16, 1996.
[2] Both counts of the indictment involve offenses that occurred on February 28, 1996.
[3] According to the memorandum in support of the motion for continuance, appellant's new counsel indicated that a continuance was necessary to prepare for trial since he had just recently been retained.
[4] The speedy trial waiver does not contain an expiration date.
[5] The record indicates some confusion as to why trial was not held on November 21, 1996. The record indicates that a jury was not present on November 21, 1996 because the trial court was advised by appellant's counsel that a trial would not be necessary because appellant would be entering a plea that day. However, the record indicates that on November 21, 1996, appellant's counsel informed the trial court that a plea would not be entered and that a trial would be necessary. Therefore, the trial court scheduled the case for a jury trial for the first available time, which was December 18, 1996.
[6] The record does not contain an entry consolidating the two cases for trial.
[7] The record does not contain the trial court's ruling with respect to appellant's motion to dismiss. As appellant was subsequently sentenced, we presume that the motion was overruled. See Takacs v. Baldwin (1985), 106 Ohio App.3d 196; State v. Frost (1984), 14 Ohio App.3d 320.
[8] The Kaiser and MacDonald opinions interpret the provisions found in former R.C. 2945.71(D), which are now found in R.C.2945.71(E).