Defendant-Appellant, Everett D. Luke ("Appellant"), appeals his conviction for felonious assault, a violation of R.C.2903.11. For the following reasons, we affirm Appellant's conviction.
On December 6, 1997, the Defiance Police Department responded to a 911 call of an assault. Sergeant Charles Carroll was the first police officer to arrive at the scene. Upon his arrival, Sergeant Carroll observed Reginald McCall lying on his back in the middle of Grover street. McCall told Sergeant Carroll that "Peppy," "Smurf," "Larry Woods," and an unidentified fourth man had beaten him.[1]
McCall testified that on the day of the incident he, his fiancee Jamie Kulwicki, and friend Rod Athy went to the home of Appellant. The three went to Appellant's home to retrieve furniture and other items that Appellant had previously taken from McCall's home. While at the residence, words were exchanged between McCall and Appellant. Later that evening, Appellant confronted McCall on Grover Street. Appellant was accompanied by Tramaine Luke and Calvin and Larry Van Buren.
McCall testified that while speaking with Appellant, he was suddenly struck in the left side of the face. Kulwicki also testified that Appellant struck McCall in the left side of the face and, after striking McCall, the others proceeded to beat McCall. Tramaine Luke, however, testified that Calvin and Larry Van Buren were the only persons that struck McCall.
At trial, Sergeant Jeffrey Mack of the Defiance Police Department testified that on December 3, 1997, while speaking with Appellant about an unrelated matter, Appellant told Sergeant Mack that McCall had "stolen" or "tricked" him out of $700.[2] According to Sergeant Mack, Appellant also made threatening remarks about McCall.
As a result of the beating, McCall required thirty-five stitches to the area around his left eye. McCall also suffered a bruised kidney and has suffered from on-going headaches since the attack.
On May 14, 1998, a jury found Appellant guilty of felonious assault. Appellant was sentenced to a seven year term in prison. Appellant now appeals, setting forth six assignments of error.
Assignment of Error No. 1
 The trial court erred in instructing the jury on aiding and abetting, effectively amending the original indictment and violating the appellant's constitutional right to have notice of the charges against him.
Appellant contends that the trial court erred in instructing the jury on the charge of aiding and abetting. Specifically, Appellant asserts that: (1) because he was indicted solely as a principal offender, the indictment failed to give adequate notice of the charges against him; and (2) there was insufficient evidence to support the jury instruction on the charge of aiding and abetting. We disagree.
In a criminal trial, the charge to a jury is restricted to that which the indictment and the evidence support. State v.Denny (Oct. 12, 1989), Franklin App. No. 89AP-329, unreported. When a defendant is indicted and charged as a principal offender and the evidence at trial could reasonably be found to have proven the defendant guilty as an aider and abettor, a jury instruction on aiding and abetting is proper. State v.Perryman (1976), 49 Ohio St.2d 14, vacated in part on other grounds sub nom, Perryman v. Ohio (1978), 438 U.S. 911; see, also, State v. Ensman (1991), 77 Ohio App.3d 701 (holding that "a complicity conviction will be sustained under an indictment solely employing the terms of the principal offense, and an amendment of the indictment is not necessary.").
Further, an indictment as a principal offender performs the function of giving sufficient legal notice of the charge against the defendant. State v. Payton (Apr. 19, 1990), Cuyahoga App. Nos. 58292 and 58346, unreported. For these reasons, Appellant had adequate notice of the charge made against him. Therefore, the indictment was legally sufficient.
Appellant further maintains that there was insufficient evidence to support the instruction on the charge of aiding and abetting. We first note that Appellant failed to file a timely objection to the trial court's jury instructions as required by Crim.R. 30(A). Crim.R. 30(A) governs jury instructions and provides in pertinent part:
 On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection.
The Supreme Court of Ohio held in State v. Underwood (1983),3 Ohio St.3d 12 that the failure to object to a jury instruction results in the waiver of any associated error absent plain error. We must therefore evaluate appellant's claimed error pursuant to the plain error rule. A jury instruction does not constitute plain error unless, but for the trial court's erroneous instruction, the outcome of the trial clearly would have been otherwise. Underwood, 3 Ohio St.3d at 13.
R.C. 2923.03(A), the complicity statute, states in pertinent part:
 No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 * * *
 (2) Aid or abet another in committing the offense[.]
It is well settled that evidence of aiding and abetting another in the commission of a crime may be established by both direct and circumstantial evidence. State v. Cartellone (1981), 3 Ohio App.3d 145. In the absence of a conspiracy or some preceding connection with the transaction, one does not aid and abet if he merely sees a crime being committed. Smith v. State (1931),41 Ohio App. 64. Further, mere association with the principals is not enough. State v. Sims (1983), 10 Ohio App.3d 56. However, any encouragement, assistance, counseling, or command is sufficient. 3 Katz Gianelli, Criminal Law (1996) 236, Section 92.5, citing State v. Taylor (1993), 66 Ohio St.3d 295.
In the present case, McCall testified that while speaking with Appellant he was struck on the left side of the face. Kulwicki also testified that she personally observed Appellant strike McCall in the face and, after striking McCall, the others proceeded to beat McCall.
This evidence alone leads us to find that a complicity instruction was proper. Therefore, we find there was sufficient evidence adduced at trial to support an instruction on a charge of aiding and abetting. For these reasons, Appellant's proposition is not well-taken.
Accordingly, Appellant's assignment of error is overruled.
Assignment of Error No. 2
 The trial court erred in not giving clear instructions on aiding and abetting which in turn mislead [sic] the jurors.
Appellant asserts numerous errors by the trial court in instructing the jury. Specifically, Appellant contends that: (1) the trial court erred in failing to instruct the jury that Appellant's "mere presence" at the scene of the crime was insufficient evidence of his guilt of complicity; (2) the instructions were erroneous in that they failed to inform the jury that Appellant only could be convicted as a complicitor; and (3) the verdict forms were deficient in that they only allowed the jury to find Appellant guilty or not guilty of felonious assault. We disagree.
We first note that appellant failed to object to the trial court's jury instructions. Therefore, absent plain error, Appellant waived any right to appeal the issue.Underwood, 3 Ohio St.3d at 13.
It is well settled that the giving of jury instructions is within the sound discretion of the trial court. State v. Dehass
(1967), 10 Ohio St.2d 230. Further, jury instructions must not be examined in isolation but rather within the totality of the charge. State v. Price (1979), 60 Ohio St.2d 136. The decision of the trial court will not be disturbed on appeal unless the record affirmatively demonstrates that the trial court abused its discretion and the instructions constituted prejudicial error. Dehass, 10 Ohio St.2d at paragraph two of the syllabus. An abuse of discretion connotes more than an error of law or judgment; rather, it implies an attitude on the part of the court that is unreasonable, arbitrary, or unconscionable. Statev. Adams (1980), 62 Ohio St.2d 151.
Appellant initially asserts that the trial court committed reversible error in failing to instruct the jury that Appellant's "mere presence" at the scene of the crime was insufficient evidence of his guilt of complicity. The trial court's instructions to the jury provided in pertinent part:
 The Defendant may also be convicted of this offense of felonious assault as a joint offender if he knowingly aided or abetted another or others in committing that offense. To be convicted as a joint offender for aiding and abetting, the Defendant must have acted knowingly as that term has been defined for you. Aid means to help, assist, or strengthen. Abet means to encourage, counsel, incite, or assist.
 To convict the Defendant as a joint offender for aiding or abetting, the State need not prove that any other person was convicted as a principal offender, but must show, beyond a reasonable doubt, that the offense actually occurred.
In the present case, we find that the trial court's instructions were proper in every respect. The instructions set forth the applicable law and were likewise sufficient in form and content. Further, had we found that the trial court's instructions were insufficient for the reasons propounded by Appellant, we still could not, in good conscience, say that but for the trial court's failure to include the additional instruction the outcome of the trial would have been different.
Appellant further maintains that the instructions were erroneous in that they failed to inform the jury that Appellant only could be convicted as a complicitor. Pursuant to R.C.2923.03(F), a charge of complicity may be stated in terms of the complicity statute or in terms of the principal offense. See, also, State v. Dotson (1987), 35 Ohio App.3d 135. Therefore, pursuant to R.C. 2923.03(F), the jury was free to find Appellant guilty of felonious assault based on either his actions as a principal or as an aider or abettor. Thus, it would be illogical for us to find that the trial court must instruct the jury that a defendant may only be convicted as a complicitor.
Finally, Appellant maintains that the verdict forms were deficient in that they only allowed the jury to find him guilty or not guilty of felonious assault. The trial court instructed the jury that "[t]he Defendant may also be convicted of this offense of felonious assault as a joint offender if he knowingly aided or abetted another or others in committing that offense." (Emphasis added.) As we previously held, the instructions need not have informed the jury that Appellant could only be convicted as a complicitor.
The verdict forms made available to the jury provided in pertinent part that "[w]e the jury * * * do find the Defendant * * * not guilty [or guilty] of felonious assault as charged in the indictment." R.C. 2923.03(F), the complicity statute, states in pertinent part:
 Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense.
(Emphasis added.) Therefore, the verdict forms were sufficient in instructing the jury that they find Appellant guilty or not guilty of felonious assault. In conclusion, we find that the verdict forms were proper in every respect.
Accordingly, Appellant's assignment of error is overruled.
Assignment of Error No. 3
 The trial court erred in not placing on the record an exchange between the court and the jury during deliberation.
Appellant asserts that the trial court erred in failing to record the complete trial proceedings. Specifically, Appellant contends that the trial court erred in failing to record the court's exchange with the jury during deliberations. We disagree.
Crim.R. 22 states that "[i]n serious offense cases, all proceedings shall be recorded." However, Appellant must clearly demonstrate prejudice resulting from the portions of the proceedings that were not made part of the record. State v.Depew (1988), 38 Ohio St.3d 275.
In his brief, Appellant merely asserts that because the proceedings were not recorded and made a part of the record, his right to a fair trial and a meaningful appeal have been violated. Appellant has failed to articulate to this Court precisely what prejudicial error he has suffered resulting from the portions of the proceedings that were not made a part of the record.
Moreover, where a proceeding has not been recorded, counsel may invoke App. R. 9(C) or 9(E) to reconstruct what was said or to establish the importance of the unrecorded proceedings. Absent such an attempt, any error may be considered waived.State v. Jells (1990), 53 Ohio St.3d 22, certiorari denied (1991), 498 U.S. 1111. In the present case, Appellant made no attempt to correct the record pursuant to App. R. 9(C) or 9(E). Therefore, Appellant has waived any alleged error. For these reasons, Appellant's proposition is without merit.
Accordingly, Appellant's assignment of error is overruled.
Assignment of Error No. 4
 The trial court erred in denying appellant his right to be present at all processes of the trial.
Appellant asserts that the trial court violated his right to be present during all stages of the criminal trial. Specifically, Appellant contends that his absence during the exchange between the trial court and the jury regarding further instructions on the meaning of "aiding and abetting" constitutes reversible error. We disagree.
Rule 43(A) of the Ohio Rules of Criminal Procedure states in pertinent part that "[t]he defendant shall be present at * * * every stage of the trial, including the empaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules." The United States Supreme Court has held that a defendant has the right to be present at all critical stages of a criminal proceeding against him if his presence would contribute to the fairness of the procedure. See Kentucky v. Stincer (1987), 482 U.S. 730. Further, the Supreme Court of Ohio, citing Section 10, ArticleI, of the Ohio Constitution, and Rule 43 of the Ohio Rules of Criminal Procedure, has held that a defendant "has a fundamental right to be present at all critical stages of his criminal trial." State v. Hill (1995), 73 Ohio St.3d 433, 444.
The Supreme Court of Ohio in State v. Allen (1995), 73 Ohio St.3d 626
held that in the absence of the accused, a trial judge may not communicate with the jury through written note or otherwise. However, if the communication between the trial judge and the jury is not "substantive," the error is harmless.Allen, 73 Ohio St.3d at 630, citing State v. Jenkins (1984),15 Ohio St.3d 164.
In the present case, the jury sent a written note to the trial judge which stated: "Could we have a copy of the 'rules' that apply — aiding — abetting — or everything that the judge read to us before we came into deliberation?" Upon a review of the record, we are unable to precisely determine what form of exchange took place between the trial judge and the jury. We do note, however, that the trial court's instructions to the jury stated in pertinent part that:
 If during your deliberations you cannot remember or are in doubt about a portion of the instructions, you may request such information. The foreman must put your question in writing, indicating specifically what is requested. Such communication is delivered * * * via the bailiff.
(Emphasis added.) Therefore, in the absence of evidence to the contrary, we presume that any communication between the trial judge and the jury was in the form of a written note or was done orally through the bailiff.
We also cannot ascertain from the record the content of the exchange between the trial court and the jury, but we presume that the trial court either refused to answer the jury's question or indicated that no further instructions would be given at that time.[3] We also note that upon receiving the question from the jury, the trial court contacted Appellant's counsel. For these reasons, we find that the trial court's exparte communication with the jury was harmless in that there was no possibility that the trial court's communication with the jury could have influenced the jury's conclusion.
Accordingly, Appellant's assignment of error is overruled.
Assignment of Error No. 5
 The trial court erred when it denied the defendant's motion that the jury selection process was unconstitutional and/or denied the defendant a fair trial by a properly selected jury.
Appellant asserts that the jury selection process violated his rights to a fair trial and an impartial jury. Specifically, Appellant asserts that: (1) the trial court erred in denying his request for a jury selection expert; and (2) his right to a fair trial and an impartial jury were violated by the jury selection process employed by the trial court. We disagree.
Appellant initially asserts that the trial court erred in failing to grant his motion for a court-appointed jury selection expert. This Court has previously held that abuse of discretion is the standard for reviewing the trial court's determination on such an appointment. State v. Mathias (May 6, 1998), Seneca App. Nos. 13-97-35, 13-97-36, and 13-97-37; see, also, State v. Scott (1987), 41 App.3d 313, 315 (holding that the appropriate inquiry for determining whether a trial court overruled a defendant's motion for appointment of an expert at the state's expense is whether the trial court abused its discretion).
The United States Supreme Court has recognized that an indigent defendant has a constitutional right to expert assistance under some circumstances. 2 Katz Gianelli (1996) 664, Section 77.1, citing Ake v. Oklahoma (1985), 470 U.S. 68. In Ohio, R.C. 2929.024 provides that, under certain circumstances, a defendant charged with aggravated murder is entitled to expert assistance.
In non-capital cases, however, there is no statutory authority requiring appointment of an expert for an indigent defendant. State v. Weeks (1989), 64 Ohio App.3d 595; see, also, R.C. 2929.024. Nevertheless, Ohio courts have applied the factors utilized by the Supreme Court of Ohio in resolving the appointment of a state-funded expert in a capital case pursuant to R.C. 2929.024 as a guide in reviewing whether a trial court has abused its discretion in refusing to appoint an expert in a non-capital case. Weeks, 64 Ohio App.3d at 599. The factors set forth by the Supreme Court of Ohio in resolving the appointment of a state-funded expert in a capital case are: " '(1) the value of the expert assistance to the defendant's proper representation at * * * trial; and (2) the availability of alternative devices that fulfill the same functions as the expert assistance sought.' " State v. Broom (1988), 40 Ohio St.3d 277,283, quoting Jenkins, 15 Ohio St.3d at paragraph four of the syllabus.
Upon applying the factors set forth in Jenkins, supra, to the present case, we find that Appellant has failed to demonstrate the value or necessity for such assistance. Specifically, Appellant has failed to demonstrate that a jury selection expert would have contributed in any meaningful way to his defense. Further, there are meaningful alternatives available that fulfill the same functions as an expert. For example, legal treatises and texts are valuable sources of information as to how to effectively select an adequate jury. For these reasons, the trial court acted within its discretion in refusing Appellant's request for a jury selection expert.
Appellant further maintains that his right to a fair trial and an impartial jury were violated by the jury selection process employed by the trial court. The Supreme Court of Ohio in State v. Fulton (1991), 57 Ohio St.3d 120 found that the systematic exclusion of members of certain groups from a jury pool was unconstitutional. The Court held that "[t]he selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial." Fulton, 57 Ohio St.3d at 123.
The Court set forth a defendant's burden in establishing a violation of the "fair representative cross-section of the community requirement" for a petit jury as follows: A defendant must prove that: (1) the group alleged to be excluded is a "distinctive" group in the community; (2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) the representation is due to a systematic exclusion of the group in the jury-selection process.
In the present case, Appellant has failed to introduce any evidence which would satisfy the requirements set forth inFulton, supra. First, Appellant has made no attempt to establish that the African-American population is a "distinctive" group in Defiance County. Second, Appellant failed to present reliable and accurate statistical data at trial which would support his claim that the jury composition was not representative of the population as a whole. Third, Appellant failed to demonstrate that there has been a systematic exclusion of members of his race from the jury-selection process. See State v. Stockton (May 5, 1997), Shelby App. No. 17-96-15, unreported.
In conclusion, we find that Appellant has failed to present any support for his claim that the jury selection process was somehow racially biased to exclude African-Americans from sitting on a jury. Therefore, Appellant's proposition is without merit.
Accordingly, Appellant's assignment of error is overruled.
Assignment of Error No. 6
 Assuming arguendo, there was a conspiracy. The trial court failed to properly instruct the jury on the effects of the defendant's evidence that he withdrew from the conspiracy as required by 2923.01(1) and 2901.05. [sic]
Appellant asserts that the trial court erred in failing to properly instruct the jury on the affirmative defense of withdrawal. We disagree.
It is well settled that the giving of jury instructions is within the sound discretion of the trial court.Dehass, 10 Ohio St.2d at paragraph two of the syllabus. Further, jury instructions must not be examined in isolation but rather within the totality of the charge. Price,60 Ohio St.2d at 141.
We first note that Appellant failed to object to the trial court's jury instructions. Therefore, absent plain error, Appellant waived any right to appeal the issue.Underwood, 3 Ohio St.3d at 13.
R.C. 2923.03(A)(3), the complicity statute, states in pertinent part that:
 (A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 * * *
 (3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code.
Therefore, pursuant to R.C. 2923.03(A)(3), complicity includes conspiring to commit an offense in violation of R.C. 2923.01. R.C. 2923.01, the conspiracy statute, contains two affirmative defenses to a charge of conspiracy. See R.C. 2923.01(I)(1) and (2). Renunciation, on the other hand, is the only affirmative defense set forth in the complicity statute.[4] See R.C. 2923.03. Specifically, R.C. 2923.03(E) states that:
 It is an affirmative defense to a charge under this section that, prior to the commission of or attempt to commit the offense, the actor terminated his complicity, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose.
In the present case, Appellant was indicted for and convicted of felonious assault. The complicity statute states in pertinent part that "[a] charge of complicity may be statedin terms of this section, or in terms of the principaloffense." (Emphasis added.) R.C. 2923.03(F). Given that a charge of complicity may be stated in terms of the complicity statute or in terms of the principal offense, the only affirmative defense available to Appellant in the present case was the renunciation defense set forth in the complicity statute. For these reasons, the withdrawal defense set forth in the conspiracy statute is inapplicable to the present case.
We also note that the renunciation defense set forth in the complicity statute was neither raised by Appellant in his brief nor was the issue presented to this Court at oral argument. Under App. R. 12(A), an appellate court is not required to consider issues not argued in the briefs. Chemical Bank of NewYork v. Neman (1990), 52 Ohio St.3d 204. However, the rule does not prohibit the court from doing so in the exercise of its sound discretion. Id. at 207. In the present case, although we have the discretionary authority to consider errors of record which were neither assigned nor argued, we recognize the general rule that an appellate court will ordinarily confine itself to the errors raised by Appellant. See McHugh v. State
(1884), 42 Ohio St. 154.
Accordingly, Appellant's assignment of error is overruled.
Judgment affirmed.
 SHAW, P.J., and BRYANT, J., concur.
[1] At trial, "Peppy" was identified as Appellant herein; "Smurf was identified as Tramaine Luke — Appellant's nephew; "Larry Woods" was identified as Larry Van Buren, and the unidentified fourth man was identified as Calvin Van Buren.
[2] Sergeant Mack was unable to recall Appellant's precise words.
[3] We note that Appellant's merit brief states in pertinent part that "[t]he trial court either refused to answer the jury's question or it indicated that the jury had all the instructions the court would give."
[4] This defense is also known as withdrawal or abandonment. 3 Katz Gianelli, Criminal Law (1996) 243, Section 92.12.