Martin C. Goods, defendant-appellant, appeals a decision of the Franklin County Court of Common Pleas, Criminal Division. The court found appellant guilty of rape, a violation of R.C.2907.02, kidnapping, a violation of R.C. 2905.01, and felonious assault, a violation of R.C. 2903.11. The trial court merged the rape and kidnapping convictions when appellant was sentenced. We affirm.
Appellant was accused of raping, assaulting, and kidnapping his girlfriend ("victim"). The victim testified that while at appellant's house on the evening of October 5, 1997, she and appellant had an argument and that appellant "became agitated." The victim stated that appellant "dumped the contents of my purse on the floor," hid her car keys, and removed the telephone from his bedroom. The victim further stated that "He began to strike me. He hit me over the head several times. After the second or third blow I lost hearing in my right ear." The victim further testified that "He told me that he needed a weapon. He put a can of ensure in his sock and began to hit me upon my body with it." The victim stated that appellant made her take off her clothes, told her not to move, and then later had her perform fellatio upon him. The victim testified that the next morning she was able to leave appellant's house. The victim also stated that she still continues to suffer from partial hearing loss because of the incident.
Prior to appellant's criminal trial, a waiver of the right to a trial by jury was filed with the trial court on March 30, 1998. The waiver form states:
 "I Martin C. Goods defendant in the above cause hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a judge of the court in which said cause may be pending. I fully understand that under the laws of this State, I have a constitutional right to a trial by a jury."
The waiver form was signed by appellant, appellant's counsel, the prosecution, and the trial judge.
Appellant was tried by the trial court on March 30, 1998. Before opening arguments, the trial judge addressed appellant stating: "It's the court's understanding that you wish to waive the jury in this case; is that correct?" Appellant answered "Yes." Appellant was represented by counsel throughout the trial. The trial court found appellant guilty of rape, kidnapping, and felonious assault, and sentenced appellant for the offenses of rape and felonious assault. Appellant appeals his convictions and presents one assignment of error.
 "THE TRIAL COURT DID NOT HAVE JURISDICTION TO TRY THE DEFENDANT BECAUSE THE COURT FAILED TO STRICTLY COMPLY WITH R.C. § 2945.05 AND OBTAIN A PROPER WAIVER OF DEFENDANT'S RIGHT TO A JURY TRIAL."
Appellant argues in his assignment of error that his waiver of a jury trial was invalid because "the trial court failed to engage in any colloquy in open court to explain to [appellant] specifically his right to a jury trial and the ramifications of waiving said jury and having the matter tried to the trial court." Appellant claims that the trial court was required to do this in order to strictly comply with R.C. 2945.05.
R.C. 2945.05 states:
 "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: 'I. . . . . . . ., defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'
 "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."
A trial court fully satisfies its duty with respect to a defendant's jury waiver if it strictly adheres to the requirements of R.C. 2945.05. State v. Spivey (1998), 81 Ohio St.3d 405,409, certiorari denied (1998), ___ U.S. ___,119 S.Ct. 226.
A review of the record shows that the trial court strictly adhered to the requirements of R.C. 2945.05. Appellant's written jury waiver was in writing, signed by appellant, filed and made a part of the record, and made in open court. A review of appellant's written waiver shows that it included the quoted language within R.C. 2945.05. Therefore, we find that the trial court fully satisfied its duty with respect to appellant's jury waiver.
We also find that the trial court was not required to engage in a colloquy in open court explaining to appellant "specifically his right to a jury trial and the ramifications of waiving said jury and having the matter tried to the trial court." ' "There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial." 'Spivey at 409, quoting State v. Jells (1990), 53 Ohio St.3d 22,25-26, certiorari denied (1991), 498 U.S. 1111, 111 S.Ct. 1020.
Accordingly, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN and TYACK, JJ., concur.